.(22 App. Div. 573.)

## HAMILTON v. OWEGO WATERWORKS.

(Supreme Court, Appellate Division, Third Department. December 7, 1897.)

**1. WEIGHT OF EVIDENCE.**
    Plaintiff's statement of the damages resulting from the loss of a building
is not conclusive on the jury, though uncontradicted.

**2. COMPROMISE VERDICT—VALIDITY.**
    Plaintiff cannot complain of a verdict because of a compromise by jurors
on the question of damages only, where the damages are not liquidated, or
the amount does not necessarily or legally flow from the determination that
plaintiff has established his cause of action.

Appeal from special term.

Action by Joel A. Hamilton against the Owego Waterworks. A
verdict for plaintiff for less than the amount claimed was set aside on
plaintiff's motion, and from an order granting a new trial defendant
appeals. Reversed.

The plaintiff brought this action against the defendant alleging that he had
entered into a contract with the defendant, a waterworks company, engaged
in supplying, for a compensation, water to the residents of the village of Owego,
under which contract the defendant had agreed for a stipulated price to furnish
a supply of water to the premises of ᵗhe plaintiff sufficient for fire protection to
the premises of said plaintiff. The complaint then proceeds to describe the
apparatus upon the several floors through which the water was to be conducted,
used, and discharged in case of fire. He further alleges that thereafter fire
broke out, and by reason of the insufficient supply of water his premises were
destroyed, and that the value of the property destroyed was $6,500, for which
amount he claims judgment against the defendant. Upon the trial the question
as to whether the plaintiff had in fact made a contract with the defendant to
furnish him water sufficient for fire protection was sharply litigated. The court
presented that question to the jury, as also the question as to whether there was
an insufficient supply furnished, and also the amount of damages suffered by the
plaintiff. There appears to have been no contest over the question of damages;
that is to say, no evidence upon that subject was offered upon the part of the
defendant. The plaintiff swore that the amount of damages suffered by him
was $7,200. The jury retired, and remained out all night, and in the morning
came in, and asked for further instructions, whereupon the following took place:
"The Court: The question you ask is this: 'Is the jury required to render their
verdict for the full amount claimed by the plaintiff if they find in his favor?'
I answer you no. There is only the evidence of one witness (the plaintiff), cor-
roborated in part by the evidence of one other witness, as to the amount of
damage. But, gentlemen of the jury, that being the evidence of an interested
witness, you have the right to give it such weight as you think it entitled to,
and therefore you have the right to find,—if you think, under a description of
these premises, that the damage was stated too much,—you have a right to find
the damage was not so great as sworn to by the plaintiff." Thereafter the jury
returned a verdict in favor of the plaintiff for $3,250. Subsequently the defend-
ant made a motion for a new trial upon the minutes of the court "upon all the
grounds specified under section 990 of the Code of Civil Procedure." The mo-
tion was granted, the order reciting as follows: "This order is granted upon the
ground that from the verdict it appears that the result was reached by a com-
promise, and therefore that there has been a mistrial of this action." From that
order granting a new trial, the plaintiff has appealed to this court.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-
NAM, and MERWIN, JJ.

Halliday & Denton (S. D. Halliday, of counsel), for appellant.
Martin S. Lynch, for respondent.

HERRICK, J.  The court properly instructed the jury as to the evidence of the plaintiff in regard to the amount of his loss.  The jury was not bound to adopt the statement of the plaintiff as to his damages simply because no other witness contradicted him.  Koehler v. Adler, 78 N. Y. 287.  The evidence, being that of an interested witness, was not conclusive upon the jury, but was merely for their consideration.  Wohlfahrt v. Beckert, 92 N. Y. 490; Munoz v. Wilson, 111 N. Y. 295, 18 N. E. 855; Dean v. Railway Co., 119 N. Y. 540, 23 N. E. 1054; Govin v. De Miranda, 140 N. Y. 662–666, 35 N. E. 628. But it seems to me the order setting aside the verdict because it was a compromise verdict was erroneous.  Chance verdicts are invalid, and will be set aside.  Verdicts must be the result of a deliberate exercise of the jurors' judgment.  Where the jury decides by lot whether the verdict shall be for the plaintiff or the defendant, the verdict will be set aside.  Mitchell v. Ehle, 10 Wend. 595.  "If the jurors previously agree to a particular mode of arriving at a verdict, and to abide by the contingent results at all events, without reserving to themselves the liberty of dissenting, such a proceeding would be improper; but, if the means is adopted merely for the sake of arriving at a reasonable measure of damages, without binding the jurors by the result, it is no objection to the verdict."  Dana v. Tucker, 4 Johns. 487.  So, also, a quotient verdict, where each juror marks down an amount, then the total amount thus marked down being added together, that sum is divided by the number of jurors, and the result rendered as their verdict, is invalid.  Where the damages are fixed or liquidated, or where the liability of the defendant is established, and the compensation to which the plaintiff is entitled is measured by a fixed and uncontroverted sum, the jury, by their verdict, cannot reduce it below that sum.

In the case of Hatch v. Attrill, 118 N. Y. 383, 23 N. E. 549, which was an action against the directors of a corporation to recover a debt of the corporation on the ground that the defendant had signed a certificate stating that the capital stock had all been paid in, which was false, the amount of the company's indebtedness to the plaintiff was over $160,000, and the jury brought in a verdict of $50,000.  The court refused to receive the verdict, and directed the jury to retire, and, if they found a verdict for the plaintiff, to find it for the full amount claimed, which the jury subsequently did.  The defendant excepted to the refusal of the court to receive the verdict as first found by the jury.  The amount of the debt due the plaintiff was not questioned, and the court said:

"Whether or not the plaintiff was entitled to recover any sum against the defendant was a question of fact for the jury, but, in the event they found for the plaintiff, the amount of the debt was the measure of recovery.  When, therefore, the jury found that the plaintiff was entitled to recover, their further duty was plain."

The action of the court below was sustained.

In the case of Cowles v. Watson, 14 Hun, 41, the jury found a verdict for the plaintiff for six cents damages.  There the plaintiff had been induced to enter into an enterprise by false and fraudulent representations that the property involved in the enterprise cost $500,000.

The defendant, in his answer, admitted that the actual cost of the property was $255,000. The court said:

"A party deceived by fraudulent representations has the right, in an action for damages because of the fraud, to be placed in the pecuniary position which the representations made entitled him to believe he was securing by means of the transaction. Such damages are the natural as well as the necessary consequences of the wrong, and to that extent the party injured is legally entitled to compensation by the verdict of a jury. In this case there was no substantial ground for controversy after the fraud was established, because the defendant's answer admitted the actual cost of the property to be the sum of $255,000, instead of $500,000, as the jury must have found it to have been represented. The jury, therefore, had no discretion over the subject after that, for it then became their legal duty to recompense the plaintiff for the entire amount of her loss arising out of this difference."

And because the jury, by their verdict, had not recompensed the plaintiff for her loss, such verdict was set aside.

This case does not come within any of the classes or cases I have referred to. The fact that the plaintiff is entitled to recover being established, there is no liquidated sum, neither can the amount to be paid be determined mathematically, nor is there anything to measure the recovery by. The jury must therefore be left to determine what the compensation should be by deliberately exercising their judgment upon the evidence in the case; and that evidence, although uncontradicted by the defendant, was not, as we have seen, conclusive upon them. They were at liberty to find for a less amount than plaintiff swore the destroyed property was worth. They had a description of the property. They must be assumed to be men of intelligence and experience. The question before them was not one that required the judgment of an expert, and they were at liberty, and it was their duty, to use that intelligence and experience in judging whether the plaintiff's testimony, which, after all, was simply his opinion as to the value of the property he had described to them, was correct, and from it all arrive at a conclusion as to what he ought to be paid for his loss. It is contended that the verdict was not arrived at, however, in any such way; that it was a compromise, pure and simple; and the fact that the verdict was for just one-half the sum demanded in the complaint is pointed to as evidence thereof. That may be cause for a surmise to that effect, but it is no evidence of it, particularly when coupled with the fact that it is much less than one-half of what the plaintiff swore his loss to have been. But, assuming it to be a compromise verdict, it was a compromise as to the extent of the recovery only, not as to whether the plaintiff was entitled to recover at all. I presume most verdicts for damages, where the amount demanded is unliquidated, or the amount to be recovered does not follow at a fixed sum, or one that can be mathematically determined, after the defendant's liability at all is established, are compromises. That seems to necessarily follow from having twelve men instead of one. If every juror persisted in voting for the exact amount he thought was proper to be awarded, we would very seldom reach a verdict in the class of damage cases I have referred to. I do not think, therefore, that a verdict should be set aside because of a compromise upon the question of damages only, when the damages to be awarded are not fixed or liquidated, or are not the subject of mathematical de-

termination, or the amount thereof does not necessarily or legally flow from the determination that the plaintiff has established his cause of action. This is not a case, so far as the record shows, where some of the jurors whose convictions were that the plaintiff should not recover at all—that is, had no right of action—agreed to surrender those convictions, and find that he was entitled to recover, provided the other jurors would agree to a small recovery. Even in such a case it would, perhaps, be setting a dangerous precedent to say that the verdict so agreed upon should be set aside. Wolf v. Insurance Co., 43 Barb. 400, affirmed in 41 N. Y. 620. I have examined the other grounds upon which the motion was made to set aside the verdict, and for a new trial, and can find no sufficient reason in them for granting the motion.

The order appealed from should therefore be reversed, with costs of this appeal, and the motion to set aside the verdict and for a new trial denied. All concur, except PARKER, P. J., not voting.