### DEVANEY v. DEGNON–McLEAN CONST. CO.

(Supreme Court, Appellate Division, Second Department. January 23, 1903.)

1. MASTER AND SERVANT—PERSONAL INJURY—SAFE PLACE TO WORK—PROPER LIGHTING—DUTY OF MASTER.

    An employé making excavation for an anchorage for a bridge was injured at night by a fall of earth. The employer's negligence was charged to consist in failure to properly light the scene of the work, so that the premonitory signs of the fall of earth could be discovered. Held, that it was the duty of the employer to actually light the place so as to make

it safe for work, and this duty was not discharged by merely furnishing lamps, material for new lights, and a competent electrician.

**2. APPEAL—POINT IN BRIEF—REFERENCE TO RECORD—SUFFICIENCY.**

A point in a brief that "the exception at folio 1269, comprising folio 1265 up to the exception, at folio 1269, presents reversible error," is insufficient to present a question for review, the portion of the record referred to exhibiting a dialogue between court and counsel with reference to the instructions.

**8. MASTER AND SERVANT—SAFE PLACE TO WORK—CHANGE IN CONDITION—ADMISSIBILITY OF EVIDENCE.**

In an action for injury to a workman due to the insufficient lighting of the scene of his labor, evidence of the condition or placement of lights after the accident, brought out in rebuttal and by contradictions among the witnesses, merely to fix the time of the accident and the conditions then existing, is properly admitted.

**4. SAME—ORDINARY METHOD OF DOING WORK.**

In an action for injury to a workman, due to the insufficient lighting of the place of work, evidence of the ordinary method of doing that character of work, and that the employer was not pursuing such method, is admissible.

Appeal from trial term, Kings county.

Action by Bartholomew Devaney against the Degnon-McLean Construction Company. From a judgment for plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

L. Sidney Carrère, for appellant.
George W. Roderick, for respondent.

WOODWARD, J.   This action is brought by the plaintiff to recover damages sustained while in the employ of the defendant in making an excavation for an anchorage for the new East river bridge in the borough of Brooklyn. The questions presented are such as are commonly found in actions of this character, and involve questions of fact, which were, upon a conflict of evidence, submitted to the jury in a charge which we believe carefully stated the law. The jury found in favor of the plaintiff, giving a verdict for $3,500, and the defendant appeals to this court.

The defendant urges that it was error for the court to refuse to charge the request of counsel "that, if the jury believes that the defendant furnished an abundant number of lights, ample means and material for placing new lights or repairing or shifting the lamps already in place, and a competent electrician, and that the lights and materials were available, the defendant is not liable for the lights, or any one of them, not being lighted, as it had fulfilled its full duty, and the lighting of the lamps would be a detail of the work and an act of a fellow servant." One of the contentions of the plaintiff was that the work of excavation, which was being carried on in the night, was necessarily dangerous in the manner in which it was being done, and that there was an insufficient supply of light to enable the workmen to discover the premonitory signs of the overhanging bank falling upon them, and that he was injured by the fall of earth, due

to the fact that he could not see. There is no doubt of the law upon this point. It is the duty of the master to afford the servant a safe place in which to work, considering the nature of the work to be performed, and it is the duty of the master to furnish reasonably safe tools and appliances. This is an active duty, and it is not performed on the part of the master by placing materials for electric lights where they may be used at the command of the foreman, under the circumstances disclosed by the evidence in this case. It is necessary, in the discharge of the duty of the master, where work is to be done in the nighttime, and where there is danger in the kind of labor to be performed, to supply the lights necessary to enable the workmen to perform their duties without other danger than such as is incident to the work, and the learned trial court properly refused the charge requested.

Again, we are asked to hold that "the exception at folio 1269, comprising folio 1265 up to the exception at folio 1269," presents reversible error. No clear and definite question is presented here. There is a dialogue between the court and counsel for defendant, running through the greater part of five folios, and the court, so far as we are able to discover, has stated the law correctly in so far as any question was presented for determination, and it is no part of the duty of this court to be astute in discovering some error which has not been clearly called to the attention of the trial court. The main charge of the learned court had clearly presented the law of negligence as applied to this case, and the entangling requests to charge, with the exceptions called to our attention on this appeal, do not present a question for review. The same remarks are equally applicable to "the exceptions taken at folios 1259 and 1260, and involving part of folio 1256, to the exception at folio 1260."

We are asked to hold that evidence of the condition or placement of lights after the accident was improperly admitted, and constitutes reversible error. While this would be true in the abstract, it is not the law as applied to the matters in evidence in this case; for in the case at bar the references to the lights and conditions after the accident were brought out by rebuttal evidence, and by contradictions among the witnesses as to the time when the lights were in use, —such, for instance, as that of plaintiff's witness Mayer, that it was not until the next night that he worked, after the night of the accident, that an arc electric light was placed on the end of the trestle which was nearest to South Fifth street. There does not appear to have been any effort to show that things were changed after the accident, but the changed conditions, where referred to, are merely for fixing the time of the accident and the conditions then existing.

We are of opinion that it was proper to permit the plaintiff to prove the ordinary method of doing work of the character of that in progress at the time of the accident, and that the defendant was not doing the work in the approved way. It had to do with the question of the negligence of the defendant, and, while it was not bound to do the work as other people commonly do, it was proper for the jury to know the facts, that it might determine whether the work was being carried on with a proper regard for the safety of the men

employed. The judgment and order appealed from should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs. All concur; BART-LETT, J., in result.