appealed from was in effect one to compel him to pay such costs personally. It was held in Matter of Humfreville, 154 N. Y. 115, 47 N. E. 1086, that the surrogate had no authority to enforce the payment of costs by contempt proceedings.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion to punish the appellant for contempt denied. All concur.

---

### VOGEL v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, First Department. March 5, 1909.)

1. APPEAL AND ERROR (§ 852*)—REVIEW—PRESUMPTIONS.

Where, in an action for injuries to a street car passenger in a collision with a vehicle, no question was made as to his right to stand on the rear platform, and the company procured the exclusion of evidence that he stood on the platform at the conductor's direction or consent, the court, on appeal from a judgment of dismissal, must assume that the passenger was rightfully on the platform.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3402; Dec. Dig. § 852.*]

2. CARRIERS (§ 316*)—INJURIES TO PASSENGERS—PRIMA FACIE EVIDENCE OF NEGLIGENCE.

Proof that a street car proceeded rapidly, and that its speed was not checked until after a collision with a vehicle, resulting in injury to a passenger, was sufficient to call on the company for an explanation, and, in the absence of any explanation, warranted an inference that the operator of the car was negligent.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 316.*]

Appeal from Trial Term, New York County.

Action by Lawrence W. H. Vogel against the Union Railway Company of New York City. From a judgment dismissing the complaint, and from an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

J. Arthur Hilton, for appellant.
Bayard H. Ames, for respondent.

SCOTT, J. Plaintiff appeals from judgment dismissing his complaint as against the defendant Union Railway Company, and from an order denying a motion for a new trial. The plaintiff was a passenger on one of the defendant's electric cars. The route of the car was easterly through 135th street to Madison avenue, there turning north and proceeding along said avenue. The plaintiff was standing on the rear platform. No question was made as to his right to stand there, and as the defendant successfully objected to certain questions, the answers to which might have shown that plaintiff stood on the platform at the conductor's direction or by his consent, we must assume that plaintiff was rightly upon the platform.

---

Just before the car turned into Madison avenue it slacked its speed until it was nearly at a standstill. It then quickened its speed and swung around the corner at a high rate of speed. When it reached the northeast corner of Madison avenue and 135th street it collided with a two-horse truck which was proceeding westerly along 135th street. There is no evidence from which it can be determined, as between the car and the truck, which was to blame for the collision. The plaintiff could not see from his position, and no evidence was introduced in behalf of either defendant. The pole of the truck struck the car somewhere near the front, and scraped along the side until it reached the rear platform, when it struck the plaintiff, producing the injuries for which he sues.

The case thus presented against the railway company is very similar to that presented in Hill v. Ninth Ave. R. R. Co., 109 N. Y. 239, 16 N. E. 61, wherein a passenger was injured by the pole of a truck which penetrated through the front panel of the car and injured her. In that case, as in this, the plaintiff was unable to state precisely how the accident occurred, or to apportion the blame as between the car and the truck. It was considered, however, that the mere fact of the accident, in view of the circumstances, also present in this case, that the car was proceeding rapidly, and that its speed was not checked until after the collision, was enough to call upon the railway company for an explanation, and, in its absence, to warrant an inference that the driver was in some manner negligent.

The same reasoning applies to the present case, and requires a reversal of the judgment and order appealed from, and a new trial, with costs to the appellant to abide the event. All concur.