(134 App. Div. 389.)

BERKOWITZ v. CONSOLIDATED GAS CO. OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. November 5, 1909.)

NEW TRIAL (§ 72*)—VERDICT AGAINST WEIGHT OF EVIDENCE.
   The trial court, in an action in which plaintiff's right of recovery of defendant depended on collision of defendant's team with a car having been due to the negligence of defendant's driver, could not set aside the verdict for defendant as against the weight of evidence, and grant a new trial; the testimony of such driver fairly tending to show the collision was due, not to his negligence, but to that of the driver of the car, who did not testify.
   [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 146–148; Dec. Dig. § 72.*]
   Laughlin and Scott, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Morris Berkowitz against the Consolidated Gas Company of New York, impleaded, etc. From an order setting aside the verdict for said defendant and granting plaintiff a new trial, said defendant appeals. Reversed, and verdict reinstated.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, LAUGHLIN, and SCOTT, JJ.

John A. Garver, for appellant.
Frederick Klein, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

McLAUGHLIN, J.   On the 21st of April, 1908, the plaintiff, a lad then about 15 years of age, was a passenger on one of the horse cars of the defendant railway.  As the car was proceeding around a curve at or near the junction of the Bowery and Spring street, he was thrown from it and sustained personal injuries, and this action was brought to recover damages therefor.  In his complaint he claimed the injuries sustained by him were due to the joint negligence of the defendants.  The specific act of negligence alleged was the car colliding with a cart of the Gas Company.  At the trial, that the plaintiff was injured and that a collision did occur was not disputed, but that the plaintiff was thrown from the car, or sustained the injuries of which he complained, by reason of the negligence of the defendants, or either of them, were substantially the only questions litigated.  At the close of the plaintiff's case the complaint was ·dismissed as to the Railway Company and the trial continued as to the Gas Company, at the conclusion of which the question as to whether the damages sustained by the plaintiff were due to the negligence of the driver of the cart belonging to the Gas Company was submitted to the jury.  The case was properly submitted to the jury.  Questions of fact were presented, which necessitated that should be done.  These questions were:  (1) Whether the collision was due to the negligence of the employé of the Gas Company;  (2) whether the collision was the cause of the plaintiff's being thrown from the car;  and (3) whether his being thrown from the car was not due to his own negligence.  The jury rendered a verdict of no cause of action, which the trial court, on motion ·of plaintiff's counsel, set aside, and granted a new trial. From this, the Gas Company appeals.

The appellant's counsel seeks to sustain the order solely upon the ground that the learned justice sitting at the trial was justified in setting the verdict aside on the ground that it was against the weight of evidence; and this, it seems to me, is clearly untenable.  The questions of fact above stated were presented at the conclusion of the trial, and from the evidence bearing thereon the jury might legitimately draw different inferences.  They resolved them in favor of the Gas Company, which they had a right to do.  The plaintiff did not see fit to call either the conductor or driver of the car, and the testimony of the driver of the cart of the Gas Company, if believed by the jury, fairly tended to show that the collision was due, not to his negligence, but that of the driver of the car.  So that, if it be assumed that the accident was caused by the collision of the car and the cart of the Gas Company, and that the plaintiff himself was free from negligence, the jury may very well have concluded that such collision was not due to any negligence on the part of the Gas Company's employé.

That an appellate court, if it were to pass upon the facts, might find in a way different from what the jury did, is no justification for setting aside their verdict on the ground that it is against the weight of evidence.  When that is done, the court must be able to see that the verdict is the result of passion, prejudice, or corruption, or that the jury has made a mistake in considering and weighing all the evidence in the case.  Here the issue between the parties was fairly tried and

submitted to the jury. No complaint is made of the charge, nor is it suggested that any errors were committed during the trial which call for reversal of the judgment.

I am of the opinion that the evidence fairly sustains the verdict,. and for that reason the order appealed from should be reversed, with costs, and the verdict reinstated.

PATTERSON, P. J., and INGRAHAM, J., concur.

LAUGHLIN, J. (dissenting). The order from which the appeal is taken recites that the trial court, in the exercise of its discretion, set aside the verdict and granted a new trial upon the ground, among others, that the verdict was contrary to the evidence. Express authority is conferred upon the trial court by section 999 of the Code of Civil Procedure to set aside a verdict as contrary to the evidence, and this has come to be understood as meaning against the weight of the evidence, and is usually so referred to in the opinions of the court. I am of opinion that the discretion of the court to set aside the verdict as contrary to or against the weight of the evidence was properly exercised, and that the order should be affirmed.

The action is brought to recover for personal injuries sustained by the plaintiff while riding as a passenger on a horse car of the New York City Railway Company, on the 21st day of April, 1908. He was then 15 years of age. The car was coming uptown along the Bowery, and was turning westerly into Spring street. The plaintiff was standing on the rear platform, with his right foot about one-half a foot from the edge of the step on the right side of the car, facing forward. As the car was about to turn, the conductor gave notice to the passengers to hold fast, and the plaintiff reached back and took hold of the dashboard behind, with both hands. While riding in this position, and about the time the rear end of the car was passing over or from the westerly track in the Bowery, one or both of the shafts of a one-horse wagon of the appellant the Consolidated Gas Company, the driver of which was in its employ and about its business at the time in question, which was being driven down the westerly side of the Bowery, struck the rear dashboard, pressing it against the plaintiff, and one of the shafts also struck one of the plaintiff's hands, loosening his grasp and throwing him from the car, and injuries were inflicted upon him, the nature and extent of which are not presented by the appeal. The car was proceeding at ordinary speed in going around a curve, and the plaintiff had ridden around the same curve before without experiencing any difficulty in holding on in the same manner.

It was fairly to be inferred from the evidence that the contact of the appellant's horse and vehicle with the car caused the accident, and a finding to the contrary was against the weight of the evidence. There was no evidence of negligence in the operation of the car, and the complaint was dismissed as against the receivers of the railroad. There was a conflict of evidence as to whether the speed of the car was slackened after it started to go around the curve; but, assuming that the speed was slackened, that did not justify the driver of the appellant's wagon in running into the car and injuring a passenger upon it,

or exonerate him from negligence in so doing. He knew, or should have known, that the car was liable to change its speed, and, as it was making the turn before he reached the point of crossing the track, it was his duty to afford it an opportunity to pass and to keep sufficiently distant to clear it.

The evidence tends to show that the wagon was being driven rapidly, and that the driver was attempting to pass in close proximity to the car. The force of the contact between the shafts of the wagon and the car was such that the dashboard was broken or dented. There was also evidence tending to show that the wagon, just before the accident, was on the westerly street railway track on the Bowery, and that it was being followed by a Madison Avenue car, and that at the time of the collision with the street car the driver was turning the horse toward Spring street, which would be following the car, or in the direction the car was coming. This was disputed by the driver, who testified that he was west of all the tracks. The wagon was loaded with sand and paving tools.

Where a vehicle collides with the rear end of a street car, injuring a passenger upon it, it cannot ordinarily be said that a verdict exonerating the driver or his employer from negligence is not against the weight of the evidence. See Vogel v. Bahr, 130 App. Div. 732, 115 N. Y. Supp. 284.

For these reasons, I vote for affirmance.

SCOTT, J., concurs.