## RIESER v. WADSWORTH WATCH CASE CO.

(Supreme Court, Appellate Term. November 12, 1909.)

APPEAL AND ERROR (§ 496*)—GRANT OF NEW TRIAL—RECORD—BASIS OF DISCRETION.

To justify the granting of a motion to set aside a verdict on conflicting evidence, the record should disclose some basis for the exercise of the judicial discretion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2288; Dec. Dig. § 496.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Arthur J. Rieser against the Wadsworth Watch Case Company. From an order setting aside a verdict for plaintiff, plaintiff appeals. Reversed, and verdict reinstated.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Eugene I. Gottlieb, for appellant.
John G. Snyder, for respondent.

PER CURIAM. Motions to set aside the verdict are addressed to the sound discretion of the court. They are not governed by any well-defined rules, but depend in great degree upon the peculiar circumstances of the case. The verdict of the jury, however, should not be lightly disturbed, and to justify the granting of the motion the record should disclose some basis for the exercise of the judicial discretion. A careful examination of the record herein has revealed no such basis. The defendant has had a fair trial, and the evidence presented was conflicting. The jury, and not the judge, was made the arbiter of its preponderance.

The order setting aside the verdict is therefore reversed, with costs, and the verdict reinstated.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes