GALLUP v. BESSLING.

(Supreme Court, Appellate Term. June 24, 1910.)

NEW TRIAL (§ 71*)—VERDICT—CONFLICTING EVIDENCE.

In the absence of a showing that a verdict on conflicting evidence was the result of passion, prejudice, or corruption, or that the jury erred in weighing of the evidence, the verdict may not be set aside by the trial court.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 144, 145; Dec. Dig. § 71.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Joseph Gallup, an infant, by Minnie Gallup, his guardian ad litem, against John Bessling. From an order setting aside the verdict for plaintiff, he appeals. Reversed and reinstated.

Argued before SEABURY, GUY, and BIJUR, JJ.

Mortimer W. Solomon, for appellant.

Jacob Levy, for respondent.

GUY, J. This is an appeal from an order setting aside the verdict of a jury in favor of the plaintiff. The facts show that the plaintiff was propelling a push cart along Hester street, near Forsythe street, in the borough of Manhattan, and while so doing was run down and

injured by the defendant's horse and wagon. The plaintiff's witnesses testified that the defendant's servant drove over and upon the plaintiff, notwithstanding the fact that he had been given sufficient warning to stop his horse and avoid the accident. The defendant relied for his defense upon the testimony of his servant, the driver.

The case was submitted to the jury, and the jury's verdict was in favor of the plaintiff. The judge set aside the verdict of the jury without giving any reason therefor. There is nothing to show in this record that the verdict was the result of passion, prejudice, or corruption, or that the jury had made any mistake in considering or weighing all the evidence. In Berkowitz v. Consolidated Gas Co., 134 App. Div. 389, 119 N. Y. Supp. 101, it was said by McLaughlin, J.:

"That an appellate court, if it were to pass upon the facts, might find in a way different from what the jury did, is not justification for setting aside their verdict on the ground that it is against the weight of evidence. When that is done, the court must be able to see that the verdict is the result of passion, prejudice, or corruption, or that the jury has made a mistake in considering and weighing all the evidence in the case. Here the issue between the parties was fairly tried and submitted to the jury. * * * I am of the opinion that the evidence fairly sustains the verdict, and for that reason the order appealed from should be reversed, with costs, and the verdict reinstated."

The order appealed from should be reversed, and the judgment reinstated, with costs. All concur.