SMITH v. HEALEY, City Marshal, et al.

(Supreme Court, Appellate Term.    February 9, 1911.)

1. New Trial (§ 75*)—Inadequate Damages.
   In an action against a marshal for damages for seizure of merchandise and fixtures, where the evidence showed that plaintiff paid about $1,000 for the property and that it was worth about that sum, and that he received $800 or $850 for a portion of the goods which he had sold, and $60 for the fixtures, and some of the rest of the property had been stolen, but he could not say how much, or its value, a verdict of $100 should not have been set aside, under Code Civ. Proc. § 999, providing that the trial

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

judge may in his discretion set aside a verdict on motion for insufficient damages, etc.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 151, 152; Dec. Dig. § 75.*]

2. EVIDENCE (§ 589*)—WEIGHT—TESTIMONY OF PARTY.

Where the testimony of value was given by the plaintiff, an interested party, the jury was under no obligation to take it without question, and was not concluded by it.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2438; Dec. Dig. § 589.*]

3. NEW TRIAL (§ 72*)—INSUFFICIENCY OF EVIDENCE.

The trial judge should not set aside a verdict as against the evidence, unless it was so clearly against the weight of the evidence that an appellate court should set it aside.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 146–148; Dec. Dig. § 72.*]

4. APPEAL AND ERROR (§ 1001*)—REVIEW—QUESTIONS OF FACT.

That an appellate court, if it were to pass upon the facts, might reach a different conclusion on the evidence, is no justification for setting aside the verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3937; Dec. Dig. § 1001.*]

5. APPEAL AND ERROR (§ 999*)—REVIEW—QUESTIONS OF FACT.

It is only when an appellate court can see that the verdict is the result of passion, prejudice, corruption, or mistake in considering and weighing the evidence that it is justified in setting aside a verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3912–3924; Dec. Dig. § 999.*]

Appeal from City Court of New York, Special Term.

Action by Philip Smith against Edward Healey, as City Marshal, and another. From a judgment for plaintiff, defendants appeal. Reversed and rendered.

See, also, 121 N. Y. Supp. 230.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Job E. Hedges (Louis Frankel, of counsel), for appellants.

Hymes, Woytisek & Schaap (Michael Schaap and Edward Hymes, of counsel), for respondent.

DELANY, J. This is an appeal from an order setting aside the verdict of a jury and granting a new trial, on the ground that the damages were insufficient and the verdict was contrary to law, and "on all the grounds mentioned in section 999 of the Code, except excessive damages." The action was brought to recover damages for the seizure of certain merchandise and fixtures by a marshal under an unlawful warrant of attachment. The verdict of the jury awarded the plaintiff $100, with interest from the date of the conversion.

It appears that, two days before the conversion of the goods, the plaintiff purchased from one Rothheim "all the stock and fixtures contained in the premises and basement store floor, first floor, and top floor of 67 Moore street, and in the store and basement of 79 Graham avenue, in borough of Brooklyn." For these he testified he paid $1,000, and that the goods were worth "approximately about $1,000."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

127 N.Y.S.—22

There is no specification of the items, and nothing in the case to show the quality, quantity, or kind of the articles purchased, except that they consisted of crockery, house furnishing goods, agate ware, etc. The plaintiff's qualifications to estimate as to the value of the goods so purchased was established by his own testimony that his sole business for many years "was buying all kinds of merchandise and selling same at auction." He further said that of the goods so purchased from Rothheim he had sold a portion, consisting of what he does not say, but which brought him "gross about $800 or $850, in that neighborhood," and he was paid $60 additional for fixtures. He also admitted that another portion of these goods were stolen from him; but what comprised the stolen goods, or what their value was, he did not know. The rulings of the court were designed to the exclusion of every question but proof of the damages resulting from the conversion. The basis of such damage was the value of the property at the time of the conversion.

The burden of proving his damage was upon the plaintiff, and how he bore that burden may be judged from the foregoing recital of the testimony, which is the only evidence from which may be inferred the value of the goods converted. Yet it is the *plaintiff* who appeals alleging the insufficiency of a verdict of $100, with interest from the date of the conversion, and claiming that it is *against the evidence*. Let us see. There is evidence to justify the jury in finding that the entire original purchase was worth $1,000. There is evidence to justify the jury in finding that the plaintiff sold, of this merchandise, goods $850, and fixtures $60, or in all $910—thus receiving all but $90 of the value. Is an award of $100 insufficient, when it makes, with the other sales, $10 more than the value of the entire purchase of which the goods converted formed a part? Furthermore, if plaintiff had shown the value of the goods stolen, the jury might have been warranted in finding even a less sum, and still be within the evidence. This fact seems to give assurance that, notwithstanding the diminution in the value of the stock from this cause, the plaintiff received a verdict which covered even this loss by theft. It is difficult to see how a contention could be seriously urged that the verdict was without the support of the evidence or contrary to it.

When a party has had his day in court, there must be a finality to litigation for him. Whatever may be the appellant's view of his rights, it was he who chose to submit them to a jury upon such testimony, with no direct proof of the value of the goods converted, and relying upon the jury to arrive at a conclusion, from one known and two unknown elements, as to what his damage was. It is certainly not the fault of the jury if their result was not more plainly capable of exact mathematical demonstration. It is illogical to expect, where the evidence lacks the elements of mathematical exactness, that a verdict based upon it will answer to mathematical demonstration. Nor is the finding of a jury in such a case required to respond to such a test. The testimony of value was given by the plaintiff, an interested party, and the jury was under no obligation to take it without question. Koehler v. Adler, 78 N. Y. 287. It was not conclusive upon

them in any respect. Wohlfahrt v. Beckert, 92 N. Y. 490, 44 Am. Rep. 406. The jury must in such cases be left to determine what compensation should be allowed by deliberately exercising their judgment upon the evidence. Hamilton v. Owego Water Works, 22 App. Div. 577, 48 N. Y. Supp. 106.

A trial judge would not be right in setting aside a verdict, unless it was so clearly against the weight of evidence that an appellate court should do so. And as to the power of the appellate court:

"That an appellate court, if it were to pass on the facts, might find in a way different from what the jury did, is no justification for setting aside their verdict on the ground that it is against the weight of evidence. When that is done, the court must be able to see that the verdict is the result of passion, prejudice, or corruption, or that the jury has made a mistake in considering and weighing all the evidence in the case." Berkowitz v. Consolidated Gas Co., 134 App. Div. 389, 119 N. Y. Supp. 100.

The evidence is sufficient to support the verdict.
Order reversed, with costs, and verdict reinstated.

HENDRICK, J., concurs. LEHMAN, J., concurs in result.