(166 App. Div. 543)

## BRUSH v. CONSTABLE.

(Supreme Court, Appellate Division, Second Department.   March 12, 1915.)

NEW TRIAL ☞71—GROUNDS—INSUFFICIENCY OF EVIDENCE.
    The setting aside of a verdict on conflicting and irreconcilable evidence, when sustained by evidence, rendered under proper instructions, is an improper exercise of discretion, and the verdict will be reinstated.
    [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 144, 145; Dec. Dig. ☞71.]
    Putnam, J., dissenting.

Appeal from Trial Term, Richmond County.

Action by Henry W. Brush against Fannie M. Constable. From an order setting aside a verdict for defendant, and granting plaintiff's motion for new trial, defendant appeals. Reversed, and verdict reinstated.

Argued before JENKS, P. J., and BURR, STAPLETON, RICH, and PUTNAM, JJ.

Anthony M. Menkel, of New York City (Henry S. Curtis, of New York City, on the brief), for appellant.

Samuel H. Evins, of New York City, for respondent.

RICH, J.   This appeal is from an order of the Trial Term setting aside a verdict in favor of defendant and directing a new trial, in an action to recover damages for personal injuries alleged to have been sustained in consequence of the negligence of defendant's chauffeur in operating an automobile owned by her.

The accident was the collision of two automobiles and it happened at about noon on July 26, 1913, in the village of Southampton, near the junction of Toilsome lane, a public road, and Schermerhorn road, a private road leading from the Schermerhorn property to the highway at right angles.   The roadbed of Toilsome lane is 30 feet wide; on each side is a grass plat some 20 feet in width.   On the south side, the grass plat extends back from the highway roadbed to the hedge on the Schermerhorn property.   At the point where Schermerhorn road meets the hedge line, it separates, one branch or fork running to the west, the other to the east, until they unite with the roadbed

of the highway. On the day of the accident the plaintiff was driving his car in an easterly direction in the center of the roadbed of Toilsome lane. The defendant's chauffeur was proceeding through Schermerhorn road towards Toilsome lane, passing over the west fork. The hedge obstructed the view of both drivers, and prevented each from seeing the other until near the junction. There was no other vehicle on either road at or near their junction at the time of the collision.

The plaintiff's version of the accident is that he was traveling at at the rate of 12 miles an hour, and when about 75 feet from the junction he saw the hood of defendant's automobile as it emerged from behind the hedge, and, fearing a collision, turned his car to the right, ran it out of the roadway onto the grass plat, and brought it to a standstill, and that the defendant's car came out of the private road into the highway, turned in a semicircle to the left, and ran into his car. Testimony was given by himself, his sister, and one Williams, who were riding with him, tending to support this contention.

The defendant's theory is that her car was proceeding through Schermerhorn road at a slow rate of speed, 4 or 5 miles an hour, and when it came opposite the hedge the chauffeur saw the plaintiff's car in the center of Toilsome lane, traveling east at the rate of 25 miles an hour. It appears that as the defendant's car passed the screen of the hedge, and plaintiff's car came into view, her chauffeur turned the car abruptly to the left onto the grass plat, where the collision occurred. At the time of the accident defendant's car had not reached the traveled part of Toilsome lane, and the rule which it is contended would require the defendant to go upon the right side of Toilsome lane has no application.

Defendant claims that before she reached the junction of the west fork of the private road over which she was traveling, and while on the grass plat, the plaintiff turned his car sharply to the right and ran into her car. The defendant's contention is supported by the testimony of her chauffeur, one Acker, who testified that after the collision he examined plaintiff's car and found it to be on the high speed, and that the brakes were not set, and of Joseph Goodwin, an eyewitness of the accident. The testimony of the witnesses was conflicting and irreconcilable, and presented a question of fact which was peculiarly for the jury. It was submitted in a charge free from error, to which no exceptions were taken by plaintiff.

The learned trial justice stated no reasons for setting the verdict aside, and the only question before us is whether the verdict was so greatly against the weight of the evidence as to justify the order setting it aside. Although the conclusion reached by the jury may have been one which the learned trial court would not have reached, nevertheless the verdict is not so contrary to the evidence as to appear absurd, or to suggest suspicion of evil influence, manifest mistake, or error. The jury was the sole judge of the facts, the trial was fair, there is sufficient evidence to sustain the verdict, and I think the act of the trial court in vacating and setting it aside was erroneous, and an improper exercise of discretion. Berkowitz v. Consolidated Gas Co. of N. Y., 134 App. Div. 389, 119 N. Y. Supp. 100, affirmed with-

out opinion 201 N. Y. 512, 94 N. E. 1091; Walker v. City of New York, 150 App. Div. 280, 134 N. Y. Supp. 689; Maier v. Duffin, 134 App. Div. 594, 119 N. Y. Supp. 427; Von Der Born v. Schultz, 104 App. Div. 94, 93 N. Y. Supp. 547; Gallup v. Bessling (Sup.) 123 N. Y. Supp. 891; Kaplan v. J. C. Lyons Building & Operating Co. (Sup.) 119 N. Y. Supp. 264; Layman v. Anderson & Co., 4 App. Div. 124, 38 N. Y. Supp. 883.

Order setting verdict aside reversed, and verdict reinstated, with costs. All concur, except PUTNAM, J., who reads for affirmance.

PUTNAM, J. (dissenting). The driver of defendant's Lozier landaulet, coming north along a private roadway into the highway of Toilsome lane, committed the primary fault in turning to the left. The car was bound out into the highway, and thence to the left towards Southampton. Highway Law (Consol. Laws, c. 25) § 332, obliged all vehicles in turning corners to the left to pass "to the right of the center of intersection of the two roads." Defendant was especially bound to observe this rule in coming into a traveled highway from a private road, screened by a dense hedge. At this corner there was first a grass margin 21 feet wide to the south of a traveled roadway about 30 feet wide. Defendant's car had passed this grass plat and was about 11 feet from the middle of Toilsome lane, before the driver saw the plaintiff's car approaching from his left. Instead of going on, he turned to the left so far as to bring his left front wheel over upon the grass plat, at the south side of the road. The rule of the road was obligatory on defendant's car when it began to turn the corner, even if her car did not cross the intersection of middle lines of the streets. In meeting such an erratic course, I do not see what more plaintiff could do.

Hence I vote to affirm the order setting aside the verdict.