DEANE v. STEGHERR

(Municipal Court of City of New York, Borough of Manhattan, Fifth District. October 18, 1916.)

1. NEW TRIAL ⬤═72—SETTING ASIDE VERDICT.
    A verdict of a jury should not be set aside as against the weight of evidence, unless there be something showing that it was influenced by bias, passion, prejudice, or corruption, or that there was absolutely no evidence upon which a jury could base a verdict.
    [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 146–148; Dec. Dig. ⬤═72.]

2. NEW TRIAL ⬤═71—SETTING ASIDE VERDICT.
    Where the evidence is conflicting, the verdict should not be set aside.
    [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 144, 145; Dec. Dig. ⬤═71.]

3. ANIMALS ⬤═81—DOGS—FAILURE TO LICENSE—STATUTE.
    The violation by defendant of Laws 1895, c. 412, § 1, providing that every person who owns or harbors one or more dogs shall procure a yearly license, did not render defendant liable to plaintiff for the killing of her dog by defendant's.
    [Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 283–285; Dec. Dig. ⬤═81.]

4. NEGLIGENCE ⬤═134(9)—VIOLATION OF ORDINANCE.
    A violation of an ordinance is some evidence of negligence.
    [Ed. Note.—For other cases, see Negligence, Cent. Dig. § 269; Dec. Dig. ⬤═134(9).]

Action by Katherine A. Deane against Charles E. Stegherr. Verdict for defendant, and plaintiff moves to set it aside, and for an order granting new trial. Motion denied.

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Charles E. Thorn, of New York City, for plaintiff.
Martin Bourke, of New York City, for defendant.

SNITKIN, J.   The plaintiff moves for an order to set aside the verdict of the jury herein rendered on the 6th of June, 1916, on the ground that the said verdict is against the weight of the evidence and contrary to law.

There can be no question that the facts as alleged by the plaintiff, and denied by the defendant, created an issue which necessarily had to be submitted to the jury.   The jury found in favor of the defendant, as had also been found by a former jury in the first trial had herein, which was subsequently set aside by the trial justice (reported in the Law Journal, January 6, 1916, opinion by Mr. Justice Lauer), which order was affirmed by the Appellate Term.

Discussing the first point raised by the plaintiff, that the verdict rendered by the jury in the present trial was against the weight of the evidence, it seems to me that that has no merit.   As I have stated upon the evidence in the case, it was my duty to submit the question to the jury, and the jury having found in favor of the defendant, I am unable to say that the verdict has no legal basis, and therefore should be set aside.   Devaney v. Degnon Const. Co., 79 App. Div. 62, 79 N. Y. Supp. 1050; Ramsdell v. Goumis, U. S. District Court, Southern District of New York, November 9, 1915, Richards, J. (not reported; for opinion of Circuit Court of Appeals, see 228 Fed. 864, 143 C. C. A. 262).

[1] It seems to me that a verdict of a jury should not be set aside as against the weight of evidence unless there be something showing it was influenced by bias, passion, prejudice, or corruption, or that there was absolutely no evidence upon which a jury could base a verdict. Brush v. Constable, 166 App. Div. 543, 152 N. Y. Supp. 20; Salcinger v. Newton St. Ry., 52 Misc. Rep. 179, 101 N. Y. Supp. 804.

[2] Where the evidence is conflicting the verdict should not be set aside.   Berkowitz v. Cons. Gas. Co., 134 App. Div. 389, 119 N. Y. Supp. 100.   It is true that a motion for a new trial is not governed by any well-defined rules, but depends in a great degree upon the peculiar circumstances of the case.   The verdict of a jury, however, should not be lightly disturbed, and to justify the granting of the motion the record should disclose some basis for the exercise of judicial discretion.   Rieser v. Wadsworth Watchcase Co., 119 N. Y. Supp. 173.

[3, 4] In point 2 the counsel for the plaintiff urges that the verdict was contrary to law, in that the evidence indicated beyond dispute that the defendant violated chapter 412, § 1, of the Laws of 1895, which reads:

"Every person who owns or harbors one or more dogs * * * shall procure a yearly license. * * *"

Upon the trial the defendant conceded that he did not comply with the provisions of this law, and the plaintiff's counsel urges that the violation of the provisions of this law ipso facto makes the defendant liable for any damage that the dog may have caused.   With this con-

tention I am unable to agree. Section 17 of the Code of Ordinances, which was offered in evidence, reads:

"No unmuzzled dog shall be permitted at any time to be on any public highway or in any public park or place in the city of New York."

It seems to me that the defendant would be liable only if he permitted the dog to go unmuzzled and unleashed, but the failure to obtain a license for the dog does not, in my opinion, make him primarily liable. The true question is whether the injury is the direct and immediate act of the defendant, and certainly the direct and the immediate act of the defendant would be the unmuzzling and unleashing of the dog. But the defendant contended that the dog was muzzled and was leashed; the dog was brought into court muzzled and leashed in the manner in which it is alleged by the defendant he was on the day that the plaintiff's dog was injured. That created the question of fact which, I repeat, necessarily had to be submitted to the jury, and while perhaps on the evidence I may have been inclined to find to the contrary, yet that is not a sufficient basis to set aside the deliberations of a jury.

In the case of Buchanan v. Stout, 139 App. Div. 204, 123 N. Y. Supp. 724, cited by the plaintiff on this motion, the defendant had taken his dogs into the public street unmuzzled and not led. It seems to me that the gravamen of the complaint is the unmuzzling of the dog, not the fact that the dog was unlicensed. While a violation of an ordinance is some evidence of negligence, yet that very question whether the ordinance was violated had to be submitted to the jury. Personally my sympathies are with the plaintiff in her loss of this very valuable dog; but I am unable to find a sufficient basis to set aside this verdict on the ground that it is contrary to the evidence and against the weight of the evidence.

Under the circumstances I am constrained to deny the motion. Motion to set aside the verdict and for an order granting a new trial denied.