■ FLOYD W. FLYNN, Appellant, and MAXINE L. FLYNN, Respondent, v. AMLETO SUPERINA, Appellant-Respondent.— In a negligence action by a husband and his wife, to recover damages for personal injury and for loss of services arising from a collision between the defendant's automobile and the plaintiff husband's automobile (in which the plaintiff wife was a passenger), in which the jury's verdict after trial was in favor of the defendant and against both plaintiffs, the defendant and the plaintiff husband cross-appeal as follows from an order of the Supreme Court, Nassau County, entered May 29, 1964 upon the plaintiffs' motion to set aside the jury's verdict and for a directed verdict in their favor: (1) The defendant appeals from that portion of the order which granted the motion as to the plaintiff wife; set aside the verdict as to her; directed a verdict in her favor; and set the action down for an assessment of her damages for personal injury. (2) The plaintiff husband appeals from that portion of the order which denied the motion as to him. On the defendant's appeal: order, insofar as appealed from, reversed, without costs; motion to set aside the jury's verdict as to the plaintiff wife denied; and verdict in the defendant's favor as against her reinstated. On the plaintiff husband's appeal: order, insofar as appealed from, affirmed, without costs. Judgment on the jury's verdict is directed to be entered accordingly in favor of the defendant, dismissing the complaint as to both plaintiffs, without costs. In our opinion, in view of the conflicting and irreconcilable testimony adduced on the ultimate question of right of way at the intersection where these two automobiles collided, the learned Trial Justice was not free to substitute his findings for the jury's, to set aside its verdict as against the plaintiff wife and to hold defendant responsible to her for the injury which she sustained as a result of the collision (*Healy* v. *Rennert,* 9 N Y 2d 202, 210; *Indence*

*v. Long Is. R. R. Co.,* 15 A D 2d 816). It was the province of the jury to resolve the issues of fact by weighing credibility and by assessing the evidentiary weight of the proof adduced by the respective parties (*Kelly* v. *Watson Elevator Co.,* 309 N. Y. 49, 51). Here, the jury was free to conclude that plaintiffs' vehicle had not yet entered upon the public highway from the nearby gas station curb cut when defendant's car had started and completed its left turn. The rules of the road, controlling the duties of motorists approaching an intersecting highway from opposite directions, would have no application until plaintiffs' vehicle had reached the travelled portion of the highway (*Brush* v. *Constable,* 166 App. Div. 543; 545). Hence, in this case the defendant's failure to observe plaintiffs' vehicle in the gas station was of no legal moment. Where, by reason of conflicting proof, issues of fact ensue as to the location and movement of vehicles leaving private areaways for entry upon a public highway, it is for the jury, and not for the court, to evaluate the testimony and to resolve the issues (*Coffin* v. *Cunningham,* 11 A D 2d 1082; *Davis* v. *Gerard,* 266 App. Div. 1021). A motorist on the highway may approach a gas station; and, while doing so, he has the right to expect that any vehicle thereon will comply with the statutory requirements (Vehicle and Traffic Law, § 1143) by stopping before leaving the confines of the gas station and by proceeding only when safe to do so (1 N. Y. Auto. Law, § 324, p. 286; *Bowles* v. *Passalacqua,* 284 App. Div. 930.). Ughetta, Acting P. J., Kleinfeld, Christ and Rabin, JJ., concur; Hill, J., concurs in the affirmance of the order upon the plaintiff husband's appeal; but upon the defendant's appeal he dissents from the reversal and votes to affirm the order on the decision of the court below as set forth in said order.