■ FRANCIS E. SUTTON, Individually and as Administrator of the Estate of MARIANNE SUTTON, Deceased, Respondent, v PIASECKI TRUCKING, INC., et al., Appellants, et al., Defendant. (Action No. 1.) DONALD H. MCCANN, as Guardian ad Litem of FRANCIS W. SUTTON, an Infant, Respondent-Appellant, v PIASECKI TRUCKING, INC., et al., Appellants, et al., Defendants. (Action No. 2.) — In two actions arising from an automobile accident, the first, an action to recover damages for wrongful death, and the second, to recover damages for personal injuries (1) appeal by defendants Piasecki Trucking, Inc., and Eugene Kerstanski from an order of the Supreme Court, Orange County (Kelly, J.), entered August 7, 1980, which, after a jury trial, vacated the verdicts in favor of plaintiffs in both actions apportioning liability of 1% against Piasecki and Kerstanski and 99% against the plaintiff in the first action, and directed a new trial on the issues of liability and damages in both actions, and (2) cross appeal by the infant plaintiff in the second action from so much of the same order as directed a new trial on the issue of liability. Order reversed, on the law, without costs or disbursements, motion by plaintiff in Action No. 1 to set aside the jury verdict denied, motion by plaintiff in Action No. 2 to set aside the jury's award of damages granted and matter remitted to Supreme Court, Orange County, for further proceedings consistent herewith. In Action No. 1, defendants Piasecki and Kerstanski are entitled to a $30,000 reduction in the verdict against them (which will reduce the verdict against these defendants to zero), such sum representing the consideration furnished plaintiff by the released codefendant Town of Blooming Grove (see General Obligations Law, § 15-108). Likewise, any verdict against Piasecki and Kerstanski upon the new trial as to damages in Action No. 2 must, pursuant to section 15-108 of the General Obligations Law, be reduced by $30,000, the sum paid by the town to the infant plaintiff in return for his release. The trial court improperly set aside the verdicts and directed a new trial as to liability in both actions. Based upon the record, it cannot be said that the jury's verdicts were against the weight of the evidence, reached as a result of an improper compromise, or because the court inadequately marshaled the evidence. Those questions of fact and credibility raised by the testimony of the witnesses were for the jury to resolve and it cannot be said that the result reached was one that no reasonable person, fairly taking into consideration all of the evidence, would have reached (see *Flynn v Superina,* 22 AD2d 943, affd 16 NY2d 1033; *Yerdon v Baldwinville Academy & Cent. School Dist.,* 50 AD2d 714, 715, mot for lv to app den 39 NY2d 705; *Fidler v Rowe,* 54 AD2d 1013, mot for lv to app den 41 NY2d 805). The record is bereft of any factual basis to support the contention of plaintiff in Action No. 1, upon his motion to set aside the verdict, that the verdict represented an illegal compromise, there being no indication that some jurors surrendered conscientious convictions upon a material issue in return for a similar surrender by others (see *Honigsberg v New York City Tr. Auth.,* 43 Misc 2d 1, 3, cited in *Figliomeni v Board of Educ.,* 38 NY2d 178, 186). We additionally note that since no objection as to marshaling was made by either party at the conclusion of the court's charge, and since the charge did delineate the applicable law and the issues involved, it was an abuse of discretion, under the facts of this case, for the court to set aside the verdict in Action No. 1 as to liability based upon its view that, while it had specifically not marshaled the evidence because counsel in their closing arguments had covered the witnesses' testimony in considerable detail, and therefore further discussion would have been repetitious, in retrospect, the better procedure would have been to relate the evidence to the principles of law charged (see CPLR 4110-b; cf. *Green v Downs,* 27 NY2d 205, 208-209). As to the adequacy of damages awarded the infant plaintiff in Action no. 2 based upon the relevant uncontro-

verted evidence adduced at trial, it is clear that a new trial as to damages is warranted. Gibbons, J. P., Weinstein, Bracken and Boyers, JJ., concur.