■ WILLIAM EVES, JR., Petitioner, v ALBERT B. LEWIS, as Superintendent of Insurance, Respondent. — Determination of respondent Superintendent of Insurance, dated April 16, 1982, revoking petitioner's insurance broker's license, confirmed and proceeding dismissed, on the merits, without costs or disbursements. The determination was supported by substantial evidence. Lazer, J. P., Bracken, Brown and Niehoff, JJ., concur.

■ SHARON FICHERA et al., Respondents, v HAROLD BLUMBERG, Appellant, et al., Defendant, and WILLIAM F. BOND, Respondent. — In a medical malpractice action, defendant Dr. Harold Blumberg appeals from a judgment of the Supreme Court, Dutchess County (Kessler, J.), entered July 13, 1982, which, *inter alia,* was in favor of plaintiffs against him in the principal amount of $100,000. Judgment, insofar as it is in favor of plaintiff Joseph Fichera, Jr., affirmed, without costs or disbursements. Judgment, insofar as it is in favor of plaintiff Sharon Fichera, reversed, on the facts, without costs or disbursements, and new trial granted as to plaintiff Sharon Fichera, on the issue of damages only, unless within 30 days after service upon her of a copy of the order to be made hereon, with notice of entry, she shall serve and file in the office of the clerk of the Supreme Court, Dutchess County, a written stipulation consenting to reduce the verdict in her favor to the principal sum of $70,000, in which event the judgment in her favor, as so reduced and amended, is affirmed, without costs or disbursements. The verdict in favor of plaintiff Sharon Fichera, which included a $40,000 award for permanent injury, was excessive to the extent indicated. The alleged error that the trial court failed to marshal the evidence was not preserved for appellate review (see CPLR 4110-b; *Sutton v Piasecki Trucking,* 88 AD2d 617, affd 59 NY2d 800), and a reversal in the interests of justice is also not mandated. Furthermore, we find that the verdict was not inconsistent. Lazer, J. P., Bracken, Brown and Niehoff, JJ., concur.