GEORGE W. DICKSON, an Infant, &c., Respondent, v.
LUTHER J. McCOY, Appellant.

*Negligence—Running of a Horse at large—Viciousness.*

The owner of a young horse, which is accustomed to run and kick from
playfulness, when at large, is liable for any injury inflicted by his gambols or
kicking, in the public street of a city, when permitted by his owner to go at
large therein. It presents a question of negligence on the part of the owner,
and not one of viciousness on the part of the animal.

THIS was an action for injury to the Plaintiff by the horse of
the Defendant. The Plaintiff, a child of ten years, was passing the
stable of the Defendant, upon the sidewalk of a populous street in
the city of Troy, when the Defendant's horse came out of the
stable, going loose and unattended, and, in passing, kicked the
Plaintiff in the face. The complaint alleged that the horse was
"of a malicious and mischievous disposition, and accustomed
to attack and injure mankind;" also, that the Defendant "wrong-
fully and negligently suffered the said horse to go at large in and
upon the public streets," etc.

The proof as to the disposition of the horse was only to the effect
that he was young and playful, and, when loose in the street, was
accustomed to run and kick in the air, but had never been seen to
kick at any person. The Defendant moved for a nonsuit, on the
ground that there was no proof that the horse was vicious; which
was refused. The Defendant also requested the Court to charge
that there was no proof that the horse was possessed of any vicious
propensity, or mischievous habit, which required the Defendant to
exercise special care over him; which the Court declined to charge.
The Court did charge, that "it was for the jury to find, under the
evidence, whether the Defendant was or was not guilty of negli-
gence in permitting the animal, which did the injury complained
of, to run at large, as detailed by the witnesses on the part of the
Plaintiff," etc.

The jury found a verdict for the Plaintiff for $500, which was affirmed, on appeal, at the General Term, and the Defendant appeals to this Court.

*M. I. Townsend* for the Appellant.

*W. A. Beach* for the Respondent.

DWIGHT, J.—I agree with the counsel for the Defendant, that there is no proof in the case to sustain the allegation in the complaint, that this horse was vicious and accustomed to attack and injure mankind. The fact that a horse is young and playful, that he kicks in the air, and runs and gambols when loose in the street, is no proof of a malicious or vicious disposition. But I regard the allegation as unnecessary, and the absence of proof on the point as not affecting the right to recover.

The finding of the jury, under the charge of the Court, was clearly to the effect that the Defendant was guilty of negligence to suffer his horse to go at large upon the sidewalk, as shown in the case. And there was a sufficient allegation to that effect in the complaint. It is not necessary that a horse should be vicious to make the owner responsible for injury done by him through the owner's negligence. The vice of the animal is an essential fact only when, but for it, the conduct of the owner would be free from fault. If the most gentle horse be driven so negligently as to do injury to persons or property, the owner or driver will be responsible. Certainly not less so if the horse be negligently turned loose in the street without restraint or control. The motion for a nonsuit was properly denied.

The only question in the case was that propounded by the Court to the jury, " Was the Defendant guilty of negligence in permitting the horse to go at large in the street ? " The Court, I think, might very properly have charged as requested by the Defendant, that there was no proof to justify the jury in finding that the horse was possessed of any vicious propensity or mischievous habit. And yet it is, in one sense, a mischievous habit for a horse to run and play in the public streets. Though it is no proof of a mischievous disposition, it is liable to produce mischievous results.

There was therefore no error in the refusal to charge as requested. The instructions of the Court to the jury were correct, and the verdict is conclusive upon all the questions in the case.

The judgment must be affirmed.

GROVER, J.—The disputed questions of fact must be deemed settled by the verdict in favor of the Plaintiff. It must now be assumed that the Plaintiff, a boy of ten years, while upon the sidewalk of Hoosick street, in the city of Troy, was injured by a kick of Defendant's horse, while permitted to run loose in the street. That the Defendant, upon previous occasions, had turned the horse from his stable to go to water unattended; that upon these occasions the horse ran upon the sidewalk and kicked, of which the Defendant had been notified and told that it endangered the safety of those passing along the sidewalk. Upon these facts, the motion for a nonsuit was properly denied.

To permit a horse of this description to run at large upon the streets of a city, manifestly endangers the safety of the people passing in the streets; and the danger is none the less if the running and kicking are mere playful acts of the horse, than if prompted by a vicious disposition. The danger results from the acts of the horse, not his disposition. The Defendant's counsel requested the Court to charge the jury, that there was no proof in the case which can justify the jury in finding that the Defendant's horse, which was alleged to have injured the Plaintiff, was an animal possessed of any vicious propensity or mischievous habit, which required the Defendant to exert any greater care over him than prudent men should exercise, in general, over horses kept in the same or a similar locality. The Court refused, and the Defendant excepted.

It is impossible to say that this refusal worked no injury to the Defendant. It is true, that the jury may have based their verdict upon another ground; but it does not, with certainty, appear that they did so base it. If, then, the counsel was right in the assumption that there was no evidence of any vicious propensity or mischievous habit in this more than any other horse, he was en-

8

titled to the instruction asked for, and its refusal was error. An owner of a domestic animal is not, in general, liable for an injury committed by it, unless it be shown that he had notice of its vicious propensity. (Van Leuven *v.* Dumond, 1 N. Y. 515, and cases cited.) By vicious propensity, is included a propensity to do any act that might endanger the safety of the persons and property of others in a given situation. Not such only as would impair the utility of the animal for the purpose for which it was kept. This appears from the reason of the rule. The owner is not liable unless he has notice of the vicious propensity. If he has such notice, he is liable. That is, the owner is not liable for permitting his domestic animal to be at large when he has no reason to apprehend that any injury to others will result therefrom. If he has such reason, he is liable. In the present case the Defendant had notice that his horse, when at large, was in the habit of running and kicking upon the sidewalk. These acts, he must have known, were dangerous to others.

The Court could not judicially determine that all horses, if turned loose in the city of Troy, would act in the same way. This instruction was therefore properly denied. It is not necessary to pass upon the question, whether the owner, by turning his horse loose in the streets of a city, does not thereby render himself responsible for any injury to persons or property done by such horse.

The judgment appealed from must be affirmed.

Judgment affirmed.