FARBER v. ROGINSKY.

(Supreme Court, Appellate Division, Second Department. December 23, 1907.)

ANIMALS—INJURIES BY ANIMALS—NOTICE OF VICIOUS PROPENSITIES.

   Where defendant, on stabling his horse in plaintiff's stable, failed to fasten his horse, or to use proper care in fastening it, and the horse, being free, injured plaintiff's horse by kicking it, it was not necessary, to hold defendant liable for negligence, to show that he had notice either actual or presumptive that his animal was inclined to such or similar mischief.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Animals, §§ 288, 289.]

Appeal from Nassau County Court.

Action by Samuel Farber against Lucyan Roginsky. Appeal by plaintiff from a judgment in favor of defendant and from an order denying a motion for a new trial. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Harry W. Moore, for appellant.
Denis O'Leary, for respondent.

JENKS, J. The action is for negligence, to recover damages for wounds of the plaintiff's horse inflicted by the kicks of the defendant's horse. The plaintiff permitted the defendant to stable his horse over night in plaintiff's stable. The plaintiff and defendant went together to the stable. The stable contained two stalls. The plaintiff's horse was in one stall, and the plaintiff directed the defendant to place his horse in the other stall. The defendant went to the stall to tie up his horse, and led the horse into the stall. There was a halter on the horse with a rope on it. The defendant fed his horse. The plaintiff asked the defendant if "he was through," the defendant answered "Yes," and plaintiff and defendant came out together. On the morning of the next day the plaintiff found his own horse wounded, and then looked around to find the defendant's horse free, with the halter on his head and the rope loose on the floor. The wounds on plaintiff's horse were such as could result from kicks of a horse, and, when plaintiff went to take out his horse, the other horse began to kick the plaintiff's horse. The learned trial court dismissed the plaintiff at the close of his case for failure of proof of any cause of action.

The opinion of the court begins with the proposition that the jury could have found that either the defendant did not fasten his horse at all, or did not fasten it with proper care. The learned court then advances the further proposition that something more must be shown; that it was necessary to allege and to prove that the owner had notice, either actual or presumptive, that his animal was guilty of such or similar mischief. In other words, that proof of scienter was essential to the plaintiff's case. The flaw in this conclusion is that the cause of action for negligence in such cases does not necessarily require proof of scienter; but it may also rest upon mere failure of the owner to exercise due care in the keep of the horse. Moynahan v. Wheeler, 117 N. Y. 285, 22 N. E. 702; Mills v. Bunke, 59 App. Div. 39, 69 N. Y. Supp. 96; Dickson v. McCoy, 39 N. Y. 400. In the case last cited the court, per Dwight, J., say:

"It is not necessary that a horse should be vicious to make the owner responsible for injury done by him through the owner's negligence. The vice of the animal is an essential fact only when, but for it, the conduct of the owner would be free from fault."

In Mills v. Bunke, supra, this court, per Woodward, J., say:

"The duty which the defendants owed to the plaintiff's intestate was to use reasonable care in the management and control of the horse which worked this wrong, and, while we have been afforded a very thorough discussion of wild and domestic animals, and the degree of care and responsibility imposed upon their owners, we are of opinion that the owner of a domestic animal is bound to take notice of the general propensities of the class to which it be-

longs, and, if such propensities are of a nature to cause injury, he must anticipate and guard against them (Hammond v. Melton, 42 Ill. App. 187), and, if the animal be given an opportunity to exercise the propensity through the negligence of the owner, he will be liable to persons injured without fault on their part (Thomas, Neg. 508, citing Whart. Neg. § 907)."

I think that the learned court erred in dismissing the complaint, and that the judgment must be reversed and a new trial be ordered; costs to abide the event.   All concur.