## BUCHANAN v. STOUT.

(Supreme Court, Appellate Division, Second Department. June 10, 1910.)

1. ANIMALS (§ 81*)—DOGS—LIABILITY OF OWNER FOR INJURY.

One who takes his dogs into a public street unmuzzled and not led, in violation of an ordinance, is liable for the death of a cat killed by them, though he does all he can to avoid the killing; proof of scienter being unessential.

[Ed. Note.—For other cases, see Animals, Cent. Dig. §§ 283–287; Dec. Dig. § 81.*]

2. COSTS (§ 243*)—REVERSAL OF JUDGMENT.

Under Municipal Court Act (Laws 1902, c. 580) § 345, costs being properly awarded to abide the event on reversal of the judgment for plaintiff, when plaintiff prevailed on the new trial, she was entitled to tax the costs of the appeal.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 938, 939, 946; Dec. Dig. § 243.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Margaret E. Buchanan against John R. Stout. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 123 App. Div. 648, 108 N. Y. Supp. 38.

Argued before WOODWARD, JENKS, BURR, THOMAS, and CARR, JJ.

Rollin Tracy, for appellant.
Justin S. Galland, for respondent.

JENKS, J.   The plaintiff's evidence is that her cat was killed in the doorway of the vestibule of plaintiff's house by the dogs of the defendant.   Defendant admitted that he had taken the dogs into the street with him, and that when he discovered that they had not followed him home he followed them up, to find them worrying the cat. The defendant seems to have done all that a humane person could do under the circumstances to save animal life.   But the undisputed evidence is that he took his dogs into the street unmuzzled and unleashed, and that the dogs caught sight of the cat and pursued it, even into plaintiff's premises.

The judgment against the defendant for the value of the cat should be affirmed, for the defendant had taken his dogs into the public street of the city of New York, unmuzzled and not led, against a city ordinance that was read in evidence, and therefore there was evidence of his negligence, shown by his violation of the ordinance.   And, moreover, the dogs, thus let loose in the public street, had chased the cat into the premises of the plaintiff, where they killed it.   Under such conditions, proof of scienter was not essential.   Dickson v. McCoy, 39

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

N. Y. 400; Bowyer v. Burlew, 3 Thomp. & C. 362, Gilbert, J. The dogs were unlawfully in the place where the injury was done, and the liability arises from that circumstance. Decker v. Gammon, 44 Me. 322, 69 Am. Dec. 99; Van Leuven v. Lyke, 1 N. Y. 515, 49 Am. Dec. 346.

The judgment for plaintiff on the first trial was reversed, and a new trial was ordered, costs to abide the event. This disposition was authorized by Municipal Court Act (Laws 1902, c. 580) § 345. When plaintiff prevailed upon the new trial, she was entitled to tax the costs of the appeal (Davis v. Reflex Camera Co., 114 App. Div. 814, 100 N. Y. Supp. 172), and those costs were properly the sum of $30.

The judgment is therefore affirmed, with costs. All concur.