(139 App. Div. 622.)

### MARTIN v. ALTHAUS.

(Supreme Court, Appellate Division, First Department. July 7, 1910.)

MUNICIPAL CORPORATIONS (§ 705*)—USE OF STREET—LEAVING HORSE UNAT-
TENDED—PROXIMATE CAUSE OF INJURY.

> While leaving a horse in the street unattended and not tied is negli-
> gence, it does not alone warrant recovery for injuries from a kick by the
> horse to plaintiff, passing near; there being nothing to show that the
> injury would have been averted by the absence of the negligence stated.
>
> [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
> 1515; Dec. Dig. § 705;* Highways, Cent. Dig. § 468.]
>
> Clarke and Miller, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Clara Martin against Nicholas Althaus. From a judgment for plaintiff, and from an order denying new trial, defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, Mc-LAUGHLIN, and MILLER, JJ.

John C. Robinson, for appellant.
Charles Steckler, for respondent.

SCOTT, J. Appeal by defendant from judgment entered upon a verdict and from an order denying a motion for a new trial. The plaintiff was injured by the kick of a horse belonging to defendant. The accident occurred on Ninth avenue between Thirty-Seventh and Thirty-Eighth streets, in the city of New York. The public authorities had dug a trench in the roadway next the curb, and at the point of the accident had constructed a temporary bridge about 20 feet wide. A horse and wagon belonging to defendant stood on this bridge at right angles to the curb; the wagon being backed up against the curb, and the horse standing out in the street. The horse was unfastened

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and unattended; the driver being engaged in delivering merchandise to a house. Plaintiff, wishing to cross the street, started over the bridge, passing the wagon, and coming up behind the horse. When she had reached its shoulder or head, she was kicked. The complaint alleged that the horse was possessed of known vicious tendencies; but this claim was abandoned, and no evidence of it was given on the trial.

The sole question upon which the appeal turns is whether or not the fact that the horse was left unattended was per se negligence, justifying a recovery. The charge of the court apparently left the jury in some doubt upon this point. In the main charge it was instructed that the owner of a horse and wagon, who leaves it standing upon a public thoroughfare unattended, fails in his duty, and that, if the defendant so failed in his duty, he was negligent. This was reiterated with emphasis at the close of the charge. In response to certain requests by the defendant, the court further charged "that the jury would not be justified in finding a verdict against the defendant solely on the ground that the horse was left unattended," and "that before doing so they must find that leaving the horse unattended was negligent, and was the sole cause of the accident." It is plain that the jury paid no heed to this portion of the charge; for, if they had, they could not have found a verdict for plaintiff, since there was no evidence whatever of negligence, except the fact that the horse was left unattended. Something more than negligence must be shown to justify the recovery of damages. It must also appear that the negligence was the proximate cause of the injury of which plaintiff complains, and the result must be one which might reasonably have been apprehended.

There are numerous cases in the books in which it has been said that the inherent danger of leaving a horse unhitched and unattended in the streets of a city is so obvious that it is per se negligence to do so. Those cases have generally been those in which the horse has run away, or gone to some place where there were persons lawfully assembled, and where the horse had no right to be. In such cases it is apparent that, if the horse had been properly attended, the accident could not have happened. So, in the present case, if defendant's horse had run away, and in so doing had injured plaintiff, the causal connection between the negligent act and the accident would have been clear. There was nothing of that sort in the present case. The horse did not run away, and there is nothing in the evidence from which the deduction can be drawn that the horse would not have kicked plaintiff, precisely as he did, if he had been attended by his driver, or securely hitched. Therefore, while it is was negligent to leave the horse unhitched and unattended, it was not shown that that negligent act contributed to plaintiff's injury, or that the injury would not have happened in precisely the same way if defendant had not been thus negligent.

It follows that the judgment and order must be reversed, and a new trial granted, with costs to appellant to abide the event.

INGRAHAM, P. J., and McLAUGHLIN, J., concur. CLARKE and MILLER, JJ., dissent.