HENRIETTA GARDNER, Respondent, v. H. C. BOHACK
COMPANY, INC., Appellant.

Second Department, July 31, 1917.

**Animals — personal injury caused by a cat while attempting to attack plaintiff's dog — evidence justifying recovery.**

Action for personal injuries. It appeared that the defendant knew that customers came to his market accompanied by their dogs, and that a cat owned by him was accustomed to attack the dogs of customers, and that on a previous occasion had torn the dress of a customer while attempting to attack her dog which she was carrying. Subsequently the cat, in its attempt to reach the plaintiff's dog, injured the plaintiff.

*Held*, that the jury were justified in finding the defendant negligent, and that a judgment for the plaintiff should be affirmed.

BLACKMAR, J., and JENKS, P. J., dissented, with opinion.

APPEAL by the defendant, H. C. Bohack Company, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 11th day of May, 1916, upon the verdict of a jury for $500, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*F. H. J. Maxwell* [*Alfred E. Holmes* with him on the brief], for the appellant.

*Frank L. Tyson*, for the respondent.

THOMAS, J.:

The defendant kept a market to which he invited customers, who, as he knew, came with their dogs. Such was the habit of the plaintiff. The defendant had a cat with a kitten. The cat, following her propensity, attacked the visiting dogs and pursued them even when they were in the immediate protection of their owners. In the present case the plaintiff, to guard it from the onset of the cat, had taken up her dog and placed it on a stool beside her, so that she intervened between it and the cat, but the cat carried forward its attack on the dog, and in the course of it the plaintiff was hurt. On a previous occasion a woman had taken up her dog, and yet the cat attempted to reach it and tore the woman's dress.

In neither case was the propensity of the cat directed against the woman, but she was involved in the attack on the dog. The jury was justified, in view of the previous incident, in finding that the defendant was negligent in exposing the person of his customer to the frenzy of the cat, although the dog alone animated it.

The judgment should be affirmed, with costs.

STAPLETON and RICH, JJ., concurred; BLACKMAR, J., read for reversal, with whom JENKS, P. J., concurred.

BLACKMAR, J. (dissenting):

It is lawful to keep domestic animals which furnish aid, comfort or pleasure to mankind; and if injury is done to others thereby, the owner, or the one who harbors them, is not necessarily liable. If their natural propensities are such that they may, under certain circumstances, injure others, the owner is bound to use reasonable care to restrain them. If such care is lacking, it is negligence; and if injury results, the owner must answer to the result of such negligence. To an action based on such negligence, contributory negligence is a defense. Such, for instance, is the case of a horse left untied or negligently permitted to stray in the streets. (*Mills v. Bunke,* 59 App. Div. 39; *Farber v. Roginsky,* 123 id. 38; *Hammond v. Melton,* 42 Ill. App. 186.) As it is lawful to keep the horse, the law imposes upon the owner only the duty of exercising due care to so restrain it that it will not, when acting according to its nature, injure mankind.

On the other hand, if one keeps a wild animal which, according to the experience of mankind, is dangerous to man, he is bound at his peril to restrain it, and if it injures another the owner is liable, in the absence of such conduct on the part of the person injured as practically invites the injury. (*Filburn v. People's Palace & Aquarium Company,* L. R. 25 Q. B. Div. 258.) The one who harbor ssuch an animal is liable for damages as upon an action for nuisance, and to such action contributory negligence is not a defense. In certain cases the liability of one who keeps a domestic animal is like that of one who harbors an animal not recognized as harmless. This is the case where the domestic animal is shown to be vicious and dangerous to mankind to the

knowledge of the owner. In such case the master is liable for the injury absolutely, and there is no defense except such conduct on the part of the plaintiff as amounts to voluntarily bringing the injury on himself. (*Lynch* v. *McNally*, 73 N. Y. 347; *Muller* v. *McKesson,* Id. 195; *Hahnke* v. *Friederich*, 140 id. 224; *Brice* v. *Bauer,* 108 id. 428.)

The jury were put out on special findings of negligence of defendant and contributory negligence of the plaintiff; but the court instructed them in effect that they could not find the defendant negligent unless they found that the cat was vicious to the knowledge of the defendant. Under this charge the question of contributory negligence had no place in the case, but of this defendant cannot complain.

The charge was undoubtedly correct, for unless the cat was vicious to the knowledge of the defendant, it was not negligent to keep it in a butcher shop, for it is not a natural propensity of a cat, even if nourishing a kitten, to attack human beings. The only evidence that the cat was vicious was that it had once before attacked a dog. But the question was not vaguely whether the cat was vicious, but concretely whether it was dangerous to mankind. The fact that a cat will attack a dog does not charge its keeper with knowledge that it will attack a human being. So in *Osborne* v. *Chocqueel* (L. R. [1896] 2 Q. B. Div. 109) it was held that evidence that a dog had attacked a goat was no evidence of a scienter which would sustain a cause of action for attacking a man. In *Strubing* v. *Mahar* (46 App. Div. 409) evidence that the dog had fought with other dogs did not charge its owner with knowledge that it would attack a man. Scienter is an essential element of this action. (*Simpson* v. *Griggs*, 58 Hun, 393; *Duval* v. *Barnaby,* 75 App. Div. 154; *Bauer* v. *Lyons,* 23 id. 204.) The propensity of a cat with a kitten to attack a dog is too remote from the inclination to attack mankind to charge the defendant with scienter.

I vote to reverse the judgment upon the erroneous finding that the cat was vicious to the knowledge of the defendant, and for a new trial, costs to abide the event.

JENKS, P. J., concurred.

Judgment and order affirmed, with costs.