PAULINE KOFFLER, Plaintiff, *v.* AMERICAN RAILWAY EXPRESS COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, Second District, April 1, 1926.

Animals — negligence — ordinance of city of New York requiring attendance upon horse-drawn vehicles or some control of horse is reasonable and proper — failure to comply with said ordinance is evidence of some negligence — plaintiff was walking on sidewalk in said city when unattended team, left untied by defendant in street, mounted sidewalk — one horse bit plaintiff's arm — violation of ordinance is evidence of negligence — negligence of defendant caused injury — scienter need not be proved.

An ordinance of the city of New York providing that a horse shall not be unbridled nor left unattended in a street without being securely fastened, unless harnessed to a vehicle with wheels so secured as to prevent its being dragged faster than at a walk, is reasonable and proper and the failure to comply with its requirements is some evidence of negligence.

Accordingly, defendant, whose team, harnessed to a truck, was left unattended and untied in a populous street in the city of New York, is liable for personal injuries suffered by plaintiff who, while walking on the sidewalk, was bitten

in the arm by one of the horses when it mounted the sidewalk and with the aid of its mate dragged the truck upon the walk. Defendant's failure to have a hostler in charge of the team or tie the horses to prevent their going upon the sidewalk or otherwise to comply with the requirements of the aforesaid ordinance, warrants the finding that defendant did not exercise reasonable care in the use of the public highway. Moreover, the violation of the ordinance is further proof of defendant's negligence.

The negligence of the defendant caused the injury, where the proof showed that defendant failed to properly care for the horses on the occasion; scienter need not be shown in order to put defendant to its proof; all that is necessary is to prove defendant was negligent.

ACTION to recover damages arising from injuries suffered by plaintiff by reason of being bitten by defendant's horse.

*Zodikow & Wieder,* for the plaintiff.

*Charles C. Evans,* for the defendant.

PANKEN, J. This action presents the question whether the defendant is liable for injuries caused to the plaintiff herein by reason of being bitten by a horse owned by the defendant.

The facts testified to are as follows: The plaintiff was walking on the thoroughfare known as Thirteenth street, eastward of Broadway, in the city of New York. She was walking on that portion of the highway reserved to pedestrians. The thoroughfares in the city of New York are so laid out as to divide the streets in a manner which reserves to pedestrians one part of the thoroughfare, and another part for vehicular use. The portions reserved for pedestrians are known as sidewalks. The plaintiff was on the sidewalk. The defendant operated a truck upon the said thoroughfare. The truck and the horses hitched thereto had been left unattended and the horses untied. The horses started, and one of them got on the sidewalk, that portion of the street reserved for pedestrians, and bit the plaintiff on her arm. It appears from the evidence that two wheels of the vehicle to which the horse that bit the plaintiff was attached had also mounted the sidewalk.

Section 15 of chapter 24 of the Code of Ordinances of the City of New York provides as follows: " A horse shall not be unbridled, nor left unattended in a street or unenclosed space without being securely fastened, unless harnessed to a vehicle with wheels so secured as to prevent its being dragged faster than a walk."

The requirements of the ordinance were not complied with by the defendant or its servant in charge of the vehicle.

It has been held that the violation of the city ordinance or the failure to comply with its requirements, is evidence of negligence. It is some evidence of negligence. (*Kavanagh* v. *N. Y., O. & W. R. Co.,* 196 App. Div. 384.)

Legislative bodies, it must be assumed, when exercising the police

power of the State, commanding the performance of certain acts or forbidding the committing of particular acts, do so with the view of conserving public safety or the safety of individuals. The failure to do or to refrain from doing that which is commanded or prohibited by legislative act in an effort to promote public safety or to protect the individual, must be regarded as a failure in the performance of a duty which the individual owes either to the body politic, to the collectivity or to other individuals.

Negligence may be found from the failure to perform acts which one in his relationship to others and to the rights of others should perform. I have in mind the performance of an act which reasonable prudence requires.

When the Legislature by law requires the performance of acts by individuals in the protection of other members of the community, unless such acts were unreasonable, a failure to perform the same will be regarded as evidence of negligence.

The requirements in the ordinance above quoted are reasonable and proper.

In the case before me the failure to comply with the requirements of the ordinance above quoted is undoubtedly some evidence of negligence on the part of the defendant.

Changing conditions will call for changes in the rules of law. I am of the opinion that even in the absence of an ordinance requiring attendance upon a horse-drawn vehicle or some control of the horse, the increase in population in restricted areas, causing congestion on the public thoroughfares, would require in the exercise of reasonable care the attendance upon horse-drawn vehicles or the tying up of the horses. To permit horses unguarded on streets in populous cities, with a constant stream of automobiles moving along the thoroughfares, with many people walking up and down, and with children playing around upon the streets, is not an exercise of reasonable control of such horses. While it may be true that horses have been domesticated to the use of man, it cannot be gainsaid that horses are nevertheless unreasoning, to a large extent. The legislative command to persons in control of horse-drawn vehicles on the public thoroughfares in the populous city of New York has been promulgated in cognizance of that fact.

The division of the thoroughfares into parts reserved for the use of pedestrians and parts for the use of vehicular traffic (I cannot in view of modern conditions say " equestrian purposes ") came with the development of city life. One of the reasons why the city streets are so divided is to protect the pedestrian against the hazard which otherwise would attend his use of the thoroughfare by reason of vehicular traffic.

The plaintiff had a right to be on the sidewalk. The defendant's horses and vehicle had no such right. The defendant in failing to have a guard in charge of the horses or to tie the horses up to prevent their going upon the sidewalk, or to comply otherwise with the provisions of the ordinance, has failed to exercise reasonable care in the use of the public highway. Moreover, the violation of the city ordinance is further proof of the defendant's negligence. It follows, therefore, as a matter of fact, that the defendant was negligent in the care of its vehicle and horses. No contributory negligence is imputable to the plaintiff herein.

The question, therefore, resolves itself into this proposition: Did the negligence of the defendant cause the injuries complained of by the plaintiff? The rule of law is that where a domesticated animal causes an injury by reason of vicious propensities, *scienter* must be shown; knowledge must be brought home to the owner thereof of its viciousness. There is no evidence in this case that the defendant knew of any vicious propensities in its horse. There is evidence submitted by the defendant that the horse had shown no vicious characteristics. The defendant's witness when asked the following question: " You never knew him in any manner to indicate that he was vicious? " answered " No." If the plaintiff is entitled to judgment in this case, it must be predicated on the theory of negligence in failing to properly care for the horse on the day in question.

In the case of *Held* v. *Rosenbaum* (173 N. Y. Supp. 410) Mr. Justice GUY says: " Plaintiff was bitten by a Boston bulldog in defendant's saloon, and he sued to recover damages for the injuries. The complaint alleges scienter, that the defendant wrongfully and negligently suffered the dog to go at large without being properly guarded, and that defendant, at the time the dog attacked plaintiff, wilfully and negligently allowed the dog, in violation of ordinances of the City of New York, to be in a public place within said city unmuzzled and unconfined.

" Plaintiff and his witnesses testified to the attack by the dog in defendant's saloon, as alleged in the complaint, and it was also testified that on several occasions before plaintiff was hurt the dog was seen tied in behind the bar, toward the front, of defendant's saloon and that after biting the plaintiff the dog was chased in behind the bar by the bartender. Sanitary Code, § 17, provides that no unmuzzled dog shall be permitted at any time to be on any public highway or in any public park or place in the city of New York.

" Assuming that the proof was insufficient to show scienter (*Gardner* v. *Bohack Co., Inc.*, 179 App. Div. 242, 166 N. Y. Supp.

476; *Wood* v. *Hamilton*, 154 App. Div. 917, 138 N. Y. Supp. 1150; *Duval* v. *Barnaby*, 75 App. Div. 154, 77 N. Y. Supp. 337), the defendant's saloon was a public place within the meaning of the ordinance relied upon by the plaintiff, and the violation of the ordinance by allowing the dog to be unmuzzled in the premises is some evidence of negligence (*Buchanan* v. *Stout*, 139 App. Div. 204, 123 N. Y. Supp. 724), and required that defendant be put to his proofs."

In effect this decision by the Appellate Term lays down the rule that *scienter* need not have been shown in the case before it in order to put the defendant to his proof; all that is necessary was to prove that the defendant was negligent, and further that negligence may be found from the fact that the city ordinance requiring a dog to be muzzled had been violated by the owner of the animal. If this plaintiff had received the bite from a dog in the public highway, the dog being unmuzzled, that would constitute negligence of the owner of the dog, and the plaintiff would be entitled to recovery. Dogs are as much domesticated or more so than horses. I am not able to say as to whether the dog has been first made a friend of man, or the horse broken to serve man. While it is true that the horse is more docile than the dog, my own observation, however, shows that the dog is more intelligent than the horse. I cannot see a distinction between the right to recover by reason of the bite of a dog and by the bite of a horse.

In the case of *Dickson* v. *McCoy* (39 N. Y. 400, 401) Judge Dwight says: " The fact that a horse is young and playful, that he kicks in the air, and runs and gambols when loose in the street, is no proof of a malicious or vicious disposition. But I regard the allegation as unnecessary, and the absence of proof on the point as not affecting the right to recover. The finding of the jury, under the charge of the court, was clearly to the effect that the defendant was guilty of negligence in suffering his horse to go at large upon the sidewalk, as shown in the case."

And then: " It is not necessary that a horse should be vicious to make the owner responsible for injury done by him through the owner's negligence. The vice of the animal is an essential fact only when, but for it, the conduct of the owner would be free from fault. If the most gentle horse be driven so negligently as to do injury to persons or property, the owner or driver will be responsible. 'Certainly, not less so if the horse be negligently turned loose in the street without restraint or control."

Thus the rule is laid down that the vice of an animal need not necessarily be proved in order to entitle an injured party to recover where the conduct of the owner is shown to be negligent.

In the case of *Mills* v. *Bunke* (59 App. Div. 39) the court says (on p. 44): " The rule, as we have already shown by authorities, does not require that the particular accident should have been anticipated; it is satisfied if any danger 'was reasonably to have been anticipated from the conduct, and' it cannot be said that it was unreasonable to suppose that a horse running loose in the highways, with access to an open plot, which appears to have been grown up to grass in some measure at least, would injure those who might get in his pathway."

In the case before me, the legislative body of the city, while it did not anticipate that horses going on the sidewalk would bite pedestrians, was, however, satisfied that to protect individuals against any hurt, horses are not to be permitted on the public streets untied or unattended and uncontrolled.

Mr. Justice WOODWARD in *Mills* v. *Bunke* (*supra*) also says: " Negligence in the control of animals capable of working injuries to others is universally recognized as giving a cause of action to those who suffer through such negligence."

In that case the facts were as follows: The horse was permitted to run loose and enter upon a plot of ground in which children were playing.   One of the children was run over by this horse and killed. Generally horses will not run over individuals unless they are frightened, or vicious, or driven.   They will usually step aside and avoid any human being in their way.   But being unreasoning animals, any mental (?) dislocation will obliterate all the training to which they have been subjected, and blindly they will stampede everything in their path.

Mr. Justice WOODWARD in *Mills* v. *Bunke* (*supra*) says: " The horse appears from the evidence to have been in high spirits, and was running from the time of leaving the defendants' enclosure until the accident, a space of a few seconds."

So in the case before me, the horse having been left unattended stepped on the sidewalk and drew the wagon after it, and was in position to bite the plaintiff herein.   To say that to permit a horse in high spirits to run loose and cause injuries would make an owner liable, and to permit a horse to step upon the portion of the street reserved for pedestrians and cause injuries to a pedestrian would not make the owner liable, seems to me would be a very fine distinction.

In the case of *Buchanan* v. *Stout* (139 App. Div. 204), the court through Mr. Justice JENKS says: " The defendant had taken his dogs into the public street of the city of New York, unmuzzled and not led, against the city ordinance that was read in evidence, and, therefore, there was evidence of his negligence shown by his

violation thereof. And moreover, the dogs, thus let loose in the public street, had chased the cat into the premises of the plaintiff, where they killed it. Under such conditions proof of scienter was not essential. * * * The dogs were unlawfully in the place where the injury was done, and the liability arises from that circumstance.''

In this case the horse bit the plaintiff in a place where it had no right to be. The horse was unlawfully upon the sidewalk, and he could not have gotten on the sidewalk if he had been looked after or tied up.

In the case of *Martin* v. *Althaus* (139 App. Div. 622), cited by the defendant in support of his contention that scienter must be shown, this language appears: '' There are numerous cases in the books in which it has been said that the inherent danger of leaving a horse unhitched and unattended in the streets of a city is so obvious that it is *per se* negligence to do so. Those cases have generally been those in which the horse has run away, or gone to some place where there were persons lawfully assembled, and where the horse had no right to be. In such cases it is apparent that if the horse had been properly attended the accident could not have happened. So in the present case, if defendant's horse had run away, and in so doing had injured plaintiff, the causal connection between the negligent act and the accident would have been clear.''

In the instant case the horse was on the sidewalk, a place where he had no right to be, and which sidewalk the plaintiff had a lawful right to use. I must take notice of what is common knowledge, that persons are lawfully assembled upon sidewalks of the city of New York.

The only difference between the case before me and the case of *Martin* v. *Althaus* is that the court there says that where the horse had run away, being unhitched and unattended, it would be negligence, and the plaintiff entitled to recover, while in the instant case the horse did not run away, but walked upon the sidewalk. I do not think that that is sufficient to take this case away from the rule laid down in *Martin* v. *Althaus.*

I find a case to the same effect (*Farber* v. *Roginsky*, 123 App. Div. 38).

The injury sustained by the plaintiff is entirely due to the negligence of the defendant in that it permitted the horse to be unattended and unfastened in a populous street in the city of New York.

Judgment is, therefore, directed in favor of the plaintiff.