BENJAMIN W. SPIRA, Respondent, v. GEORGE MALICKI, Appellant.

Supreme Court, Appellate Term, First Department, November —, 1928.

*O. H. Droege*, for the appellant.

*Zodikow & Wieder* [*Herman M. Zodikow* of counsel], for the respondent.

PER CURIAM. To render the defendant liable plaintiff was required to show that the dog was on the street unmuzzled either with defendant's knowledge or because the defendant had failed to use proper care to keep the dog indoors. The rule that a violation of an ordinance is some evidence of negligence had no application under the facts disclosed by the testimony.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

DELEHANTY and CRAIN, JJ., concur; LYDON, J., dissents.

LYDON, J. (dissenting). I dissent. It is uncontroverted that the dog was upon the public highway unmuzzled and not on a leash,

in violation of a city ordinance. Defendant admitted that he did not have a license, a leash or a muzzle for this two-year old police dog, although he owned the dog for almost two years.

A dog let loose in the public street by the owner or his agent unmuzzled and not on a leash is there through the negligence of his owner, as such presence constitutes the violation of an ordinance, and in such circumstances the owner is liable for any injury committed by the dog. (*Buchanan* v. *Stout*, 139 App. Div. 204.)

It was a question of fact for the trial court to determine whether or not the dog was out on the public highway in Lonigan's care with the consent or knowledge of the owner. To be sure, Lonigan's testimony is equivocal but he did testify that he was a roomer in the defendant's house and had charge of the dog. This was sufficient to enable the trial court to resolve the question in favor of the plaintiff and I see no reason why such finding should be disturbed. I vote for affirmance.