MARY P. HYLAND, an Infant, by JOHN R. HYLAND, Her Guardian ad Litem, Respondent, *v.* MORTIMER COBB et al., Appellants.

(Argued October 8, 1929; decided December 3, 1929.)

*Wilberforce Sully, Jr.,* and *Henry Needham Flynt* for appellants.    The complaint should be dismissed for failure

of respondent to prove a cause of action. (*Muller* v. *Mc Kesson*, 73 N. Y. 195; *Lynch* v. *Mc Nally*, 73 N. Y. 347; *Smith* v. *Donohue*, 49 N. J. 548; *People* v. *Donnelly*, 232 N. Y. 423; *People* v. *Underhill*, 144 N. Y. 316; *City of Oswego* v. *Collins*, 38 Hun, 171; *Madison Products Co.* v. *Coler*, 242 N. Y. 467; *Fluker* v. *Ziegele Brewing Co.*, 201 N. Y. 40; *Knupfle* v. *Knickerbocker Ice Co.*, 84 N. Y. 488; *Boronkay* v. *Robinson & Carpenter*, 247 N. Y. 365; *Schumer* v. *Caplin*, 241 N. Y. 346.)

*Frederick J. Flynn* and *Henry Alan Johnston* for respondent. Proof of viciousness and scienter are not necessary in order to recover damages from the owner of an animal where a statute or muzzling ordinance has been violated or other negligence of the owner can be shown. (*Molloy* v. *Starin*, 191 N. Y. 21; *Muller* v. *Mc Kesson*, 73 N. Y. 195; *Dickson* v. *McCoy*, 39 N. Y. 400; *Farber* v. *Roginsky*, 123 App. Div. 38; *Koffler* v. *Am. Ry. Express Co.*, 126 Misc. Rep. 838; *Mills* v. *Bunke*, 59 App. Div. 39; *Van Leuven* v. *Lyke*, 1 N. Y. 515; *Keenan* v. *Gutta Percha Co.*, 46 Hun, 544; *Earle* v. *Van Alstine*, 8 Barb. 630.) The muzzling ordinance applies to Gramercy Park. (*People ex rel. Knoblauch* v. *Warden of City Prison*, 89 Misc. Rep. 243; 216 N. Y. 154.)

O'BRIEN, J. Plaintiff, a very young infant playing in the care of her nurse within the inclosure at Gramercy Park, New York city, was bitten by an unmuzzled dog owned by defendants and held in leash by one of them. No evidence of defendants' knowledge of previous acts by the animal inconsistent with a gentle disposition was produced. Plaintiff's judgment rests upon the theory that, in the absence of scienter, negligence was properly imputed to defendants by reason of an assumed violation of an ordinance which prohibits the presence of an unmuzzled dog in a public park or place. Conceding that negligence by an owner, even without knowledge

concerning a domestic animal's evil propensity, may create liability (*Dickson* v. *McCoy*, 39 N. Y. 400; *Buchanan* v. *Stout*, 139 App. Div. 204), the mere failure to muzzle a dog cannot be held in itself to constitute negligence. Violation of an ordinance is, however, evidence of negligence (*Knupfle* v. *Knickerbocker Ice Co.*, 84 N. Y. 488; *Fluker* v. *Ziegele Brewing Co.*, 201 N. Y. 40; *Schumer* v. *Caplin*, 241 N. Y. 346), and, consequently, the question for consideration relates to the application of the ordinance to the inclosed area known as Gramercy Park.

The ordinance urged as controlling is the Sanitary Code of the city of New York (Ch. 20, art. 2, § 17) which provides: "Unmuzzled dogs; not permitted in any public place. No unmuzzled dog shall be permitted at any time, to be on any public highway or in any public park or place in the city of New York." The term "public place" is defined by the ordinance (Ch. 20, art. 1, § 1) as follows: "Subdivision 23. Public place. Every street (as hereinafter defined), park, pier, dock and wharf * * * waters within the jurisdiction of the City of New York; every public yard, ground and area; every space open to the public between a building and the street, between buildings and between streets; all places of public assemblage, including every place of public worship, amusement, entertainment, or instruction, and every place where an appreciable number of persons gather for any purpose whatever, and every public room or space connected with, and every means of entrance to or exit from, any of the said places; all places and premises where goods, wares, and merchandise are sold or offered for sale, including all public rooms or places therewith connected; every railroad car, and every other public vehicle; every railroad depot, station, and platform, and every public room or space connected therewith, and every stairway and other means of entrance thereto or exit therefrom; every ferry boat and ferry-house, and every public room or space connected with, and every means of entrance to or exit from, such ferry-house."

Gramercy Park is not a public park. This conclusion must follow from the nature of the trust created by Samuel B. Ruggles in two deeds executed in the years 1831 and 1833. He was then vested with title to a tract of land which includes the forty-two lots now known as Gramercy Park. In the deed of 1831 he recited his purpose, with a view to enhance the value of his property, to devote and appropriate these lots to the formation and establishment of an ornamental " *private* square or park " for the benefit and enjoyment of the owners and occupants of the sixty-six surrounding lots of land then belonging to him. These forty-two lots he conveyed to trustees with directions to cause this private park to be inclosed by an iron fence and to allow the owners of the surrounding sixty-six lots, their families and tenants and the families of their tenants to have free ingress and egress. The deed also provided for the maintenance of the park by them and their successors and the imposition upon the surrounding lots of charges necessary for such maintenance. This deed of 1831 restricted the use and enjoyment of the park to one family only for each of the surrounding lots, but the deed of 1833, reciting doubt in relation to the validity of such a restriction, omitted this limitation and granted the rights and privileges for such use and enjoyment not only to the owners but also to all tenants as an easement appurtenant to the land. For nearly a century Gramercy Park or Square has been administered by trustees in conformity with the terms of this trust. It is and has been during all these years under private control. Plaintiff's parents were tenants of a building situated on one of the sixty-six lots surrounding the park and were allowed the use of a key to unlock the gate and gain admission. Defendants occupied part of a building located on another of these lots and enjoyed the same privilege. The public is excluded. In every sense the park is strictly private.

Nor from any point of view can Gramercy Park be

regarded as a public place within the purview of the Sanitary Code. That code is a penal ordinance. Violation of its provisions constitutes a misdemeanor. Extreme liberality in its interpretation must be avoided. Nine times the word " public " occurs in the definition included within that ordinance. All the places to which the definition makes specific reference are those to which the public either is invited or may gain entrance as matter of right. Not one of them is a place from which the public is excluded, unless, as urged by respondent, the following clause may be so considered: " all places of public assemblage, including every place of public worship, amusement, entertainment or instruction, and every place where an appreciable number of persons gather for any purpose whatever, and every public room or space connected with, and every means of entrance or exit from any of said places." A fair reading of this part of the code compels the conclusion that its framers intended to comprehend only places of *public* assemblage and that such places are deemed to include locations or sites where certain designated functions are performed, as well as any other undesignated spot rightfully used by the public as a gathering place for any purpose . not specifically described. Unless this meaning be inferred from the language of the ordinance many places concededly private would need to be included. An appreciable number of persons frequently gather for a variety of purposes in a dwelling house, a club, or a garden attached to either building. If respondent's argument is sound, all such secluded structures and their grounds would constitute a public place, and a person there performing an act forbidden only in public places would be guilty of a misdemeanor. The definition of a public place necessarily excludes all places of a private character. Gramercy Park is as private in its nature as any other garden controlled in common by abutting householders. The

public, as such, has no right to enter, and this part of the ordinance has no application.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., LEHMAN and KELLOGG, JJ., concur; POUND, J., votes for a new trial on the question of viciousness and scienter; CRANE and HUBBS, JJ., dissent and vote for affirmance.

Judgments reversed, etc.