MICHAEL KENNY, Appellant, *v.* LOUIS ESSMAN et al., Doing Business under the Name of ATHLETE HIGH GRADE MEAT MARKET, Respondents.

DORE, J. (dissenting). Plaintiff, a New York City policeman, sued defendants, owners of a retail meat market, for personal injuries caused by plaintiff slipping and falling on the floor of defendants' store during an attack by defendants' cat whose vicious tendencies were known to defendants. In a first cause of action plaintiff alleged defendants' negligence in keeping the cat and allowing it free run of the premises with knowledge of its propensities. A second cause of action was based on defendants' negligence in maintaining the floor of the store in a slippery and dangerous condition.

After trial before the court and a jury, the trial court dismissed the second cause of action, submitted the first to the jury, and the jury, by ten to two vote, found for defendants. Plaintiff appeals.

With regard to the first cause of action, on any aspect of the record, including defendants' own testimony, whether the cat sprang, as the plaintiff claimed, *at* him or, as the defendants conceded, *on* him, the plaintiff's fall and his injuries were proximately caused by the cat leaping and landing on plaintiff and by the slippery condition of the floor. In an effort to avoid the animal plaintiff turned aside, slipped and fell "full force" to the floor. He landed face down and suffered serious injuries which eminent and reputable doctors testified were permanent. All the evidence points to the fact that the cat's jump caused the fall on the slippery floor; and unless plaintiff is to be held guilty of contributory negligence because he lifted his dog to protect it from the cat's vicious attack, the sole remaining issue would be the foreseeability of the risk in view of defendants' knowledge of the cat's propensities which defendants frankly admitted.

Defendant Louis Essman, one of the partners who owned the meat store, testified that the cat had the run of the store and if a dog was in the store the cat would attack the dog; that he had seen her attack other dogs and cats before; that she was more inclined to do so when she had kittens, and she had kittens, to his knowledge, at the time of this occurrence; and that on the occasion in question when he gave the plaintiff's dog a piece of liverwurst, the dog made "funny noises * * * like crying like" and the cat came out and sprang, and when plaintiff turned around to get away from the cat "the cat jumped up on his shoulders". He also testified that plaintiff's dog had been fed in the butcher shop on a number of occasions and that plaintiff had been a good customer who had been coming there for ten or fifteen years. In answer to a question as to whether he saw the cat on plaintiff's shoulder he answered: "A. Jumped on Mr. Kenny's shoulder, that's right. Q. You saw him jump on Mr. Kenny's shoulder, did you not? A. That's right. Q. According to your testimony, prior to that you saw that cat attack Mr. Kenny's dog, did you not? A. That's right. * * * Q. Was the cat on his shoulder when he fell? A. The cat, yes. She jumped on his shoulder when he fell. * * * Q. According to your testimony the cat went after the dog first; is that right?

A. That's right. * * * Q. She jumped on his shoulder? A. On the dog, trying to go after the dog. Q. Mr. Essman, didn't that cat jump on Mr. Kenny's shoulder? A. She did. Q. There is no question about it? A. No question about it."

Defendant Irving Florsheim, one of the owners of the meat market, testified that the cat had previously jumped at a dog prior to the occasion in question and on several occasions "went for" dogs when they barked or made a noise in the store. But he said he never saw the cat attack a customer prior to the day of the accident.

Defendants' attorney requested and the court charged the jury that if they found "that this situation was provoked by the plaintiff's dog then the verdict must be for the defendants." The court so charged, adding "if it was solely." I think this charge was error. The only evidence in the record with regard to the dog provoking "this situation" was defendants' testimony that the dog made noises or growled. Accordingly, the jury was instructed, that if it found the dog had growled "the verdict *must be* for the defendants." (Italics mine.) That swept out of the case all other relevant evidence that should have been considered and was properly referred to in the main charge, including numerous facts indicating the foreseeability of the risk by reason of the cat's known propensities.

In *Gardner* v. *Bohack Co.* (179 App. Div. 242) the defendant kept a market to which he invited customers who, as he knew, came with their dogs. Defendant's cat, following her propensity, attacked visiting dogs and pursued them, as here, even when they were in the immediate protection of their owners. To protect a dog from the onset of the cat, a customer had intervened when the cat attacked the dog, and in the course of the fracas was injured. The court held (p. 243) that the jury was justified in view of a similar previous incident in finding "that the defendant was negligent in exposing the person of his customer to the frenzy of the cat, although the dog alone animated it." In the case before us, the foreseeability of the risk of a customer being embroiled in a fight between his dog and a store cat which had a known propensity to attack customers' dogs was amply shown by the facts in this record. The degree of care required was not satisfied in permitting the cat under the circumstances disclosed to run loose through the whole store.

If on this record the jury's verdict was not against the weight of the credible evidence, the judgment in defendant's favor on the first cause of action should be reversed because of the error noted in the court's charge.

With respect to the second cause of action based upon the slippery condition of the floor, defendants testified that during the fifteen years or more that they owned the store, they never washed or cleaned or scraped the floor except by sweeping up sawdust. They admitted that pieces of meat and fat and suet would fall back of the counter and be stepped on by the butchers, who would thereafter walk around in the space in front of the counter where the customers stood; that in addition juice and blood from the meats would also make the floor slippery; that it was their custom to throw pieces of meat to customers' dogs in front of the counter, where the customers stood; that uncovered carcasses of meat were carried in from the street by suppliers through the customers' section in front of the counter; that the sawdust was swept up about every two days and would sometimes contain pieces of meat and fat.

Plaintiff testified that when he tried to lift himself from the floor his hands slipped on some greasy substance and he was caused to fall a second time. He also attempted to prove that when the ambulance arrived immediately after the

accident with two stretcher bearers and while he was still on the floor and the floor in the same condition as when he fell, one of the stretcher bearers also slipped on the floor. The court excluded such testimony and dismissed the second cause of action. Both ambulance attendants were in court and one of them was called to testify but the other, because of the exclusion of the testimony, was not called.

The evidence with respect to the slippery condition of the floor was sufficient to constitute a prima facie case of negligence and constructive or actual notice, and the jury should have been permitted to determine whether defendants exercised the degree of care which reasonably might have been expected under the circumstances (*Miller* v. *Gimbel Bros., Inc.*, 262 N. Y. 107).

Accordingly, I dissent and vote to reverse and grant a new trial on both causes of action.

Glennon, J. P., Cohn, Callahan and Shientag, JJ., concur in decision; Dore, J., dissents and votes to reverse and grant a new trial on both causes of action, in opinion.

Judgment affirmed, with costs. No opinion.