■ HELEN D. NIELSEN, as Administratrix of the Estate of WILLIAM B. NIELSEN, Deceased, Respondent v. CITY OF NEW YORK, Appellant-Respondent, et al., Defendants, and GULL CONTRACTING CO., INC., et al., Appellants.— In consolidated actions to recover damages for wrongful death and conscious pain and suffering, (1) defendants Gull Contracting Co., Inc. and Slattery Contracting Co., Inc. appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County, entered November 6, 1969, as is in favor of plaintiff against them and defendant City of New York, upon a jury verdict, and in favor of said defendant City of New York upon its cross claim against said defendants Gull and Slattery, upon the trial court's decision; and (2) said defendant City of New York appeals from so much of the judgment as is in favor of plaintiff against it upon the jury verdict. Judgment reversed insofar as appealed from, on the law; and, as to plaintiff's case against the appealing defendants and the above-mentioned cross claim, a new trial is granted, with costs to abide the event, with appropriate severance from plaintiff's case against the nonappealing defendants. The questions of fact have not been considered. Plaintiff's complaint alleged that defendants Gull and Slattery had created a muddy condition on a parkway service road causing her intestate's automobile to skid. It was further alleged that the defendant city had failed to maintain the road in a reasonably safe condition. Gull and Slattery had tracked the dirt onto the road during construction of the Gowanus Parkway approach to the Verrazano Bridge. The trial court charged the jury that if Gull and Slattery were found to have violated section 1219 of the Vehicle and Traffic Law and subdivision 4 of section 755(2)-7.0 of the Administrative Code of the City of New York, the violations would constitute negligence per se. This was error. The applicability of the Administrative Code section, which is found in chapter 31 (the chapter is entitled "Department of Sanitation"), is not free from doubt as to a road safety situation. However, in view of the explicit language therein to the effect that no one shall permit dirt, sand or gravel to be spilled from a vehicle upon any street, and its relevance to what happened here, we agree that the provision was properly brought to the attention of the jury. The resolution of the question of applicability was for the trial court rather than the jury (82 C. J. S., Statutes, § 312; *Merkling* v. *Ford Motor Co.*, 251 App. Div. 89), although the question of whether a party's particular conduct violated a statute or an ordinance is ordinarily for the jury. The error consisted of instructing the jury that either violation constituted negligence as a matter of law. The rule is that while violation of a State statute constitutes negligence as a matter of law, violation of an ordinance is merely some evidence of negligence which the jury may consider. Although some decisions at times have used the terms "statute" and "ordinance" as though they were interchangeable, the significance to be attached to them, which is the important thing, remains intact. Nor do cases which temper the rule, such as *Tedla* v. *Ellman* (280 N. Y. 124) and *Beauchamp* v. *New York City Housing Auth.* (12 N Y 2d 400), alter its basic structure. *Tedla* excused compliance with a Vehicle and Traffic Law section because of an emergency situation which would have made it foolhardy to comply. *Beauchamp* pointed out that an Administrative Code section did not make an owner of a dilapidated building an insurer that vandals could not make it dangerous. However, given an unexcused violation of a statute, these cases do not change the consequences from being negligence per se to merely being some evidence of negligence. In short, the question in *Beauchamp*

was whether the owner had violated the code at all, not what the consequences would be if it were found that it had. Since it can scarcely be contended that the trucker had a positive right to spill dirt on the roadway, these exceptional cases have little application to the present case. Of course, it will be for the jury to decide if he did so. The effect to be given to the Administrative Code is that given to an ordinance. While it was originally passed by the State Legislature, it may be "superseded, supplemented or amended by local law" (see ch. 52, § 1151-7.0). This has been done time and again, including the very enactment with which we are dealing here. Furthermore, subdivision c of section 1152-1.0 of chapter 52 provides: "Where there is included in this code any law heretofore enacted by the local legislative body of the city of New York, whether repealed by this code or otherwise, the same shall have no greater force or effect than it would have had if this act were not enacted by the state legislature." This latter provision was one of the original enactments by the State Legislature and would seem to indicate a clear intention not to cloak these local laws with the full effect of a State statute. Earlier versions of the code were held to have the effect of ordinances for this purpose (*Rosenberg* v. *Schwartz,* 260 N. Y. 162 [Bldg. Code, N. Y. City]; *Hyland* v. *Cobb,* 252 N. Y. 325 [Sanitary Code, N. Y. City]). More recently, in *Smulczeski* v. *City Center of Music & Drama* (3 N Y 2d 498) the Court of Appeals stated that section C26-743.0 of the Administrative Code was an ordinance and that a violation thereof was but evidence of negligence. While the source of this section as to chapter and title is not identified, apparently at the time of the decision in that case (1957) it was a section of chapter 26 (the chapter is entitled "Department of Buildings"). Finally, in both cases it should have been made clear that the jury must determine that the violations of the statute or the Code, as the case may be, were proximate causes of the accident, as a prerequisite to giving them the above effect. As charged, proximate cause was so separated from the alleged violations as to have little meaning to the jury. These errors were sufficiently prejudicial, in our opinion, to warrant a new trial. Gulotta and Brennan, JJ., concur. Benjamin, J., concurs for reversal of the judgment insofar as appealed from, and the granting of a new trial, with appropriate severance of action, with the following separate memorandum: I agree that the charge, read as a whole, did not adequately instruct the jury that there had to be a proximate causal connection between the accident and the alleged violations of section 1219 of the Vehicle and Traffic Law and subdivision 4 of section 755(2)-7.0 of the Administrative Code of the City of New York. I further agree that it was error to charge the jury that a violation of the subject Code provision was, in effect, negligence per se. However, I also believe that it was error to charge that a violation of the subject statute (i.e., Vehicle and Traffic Law, § 1219) was, in effect, negligence per se. With respect to section 1219, I believe this statute does not impose an absolute duty, but only a duty to do what is practicable and reasonable in attempting to comply with it; hence, a violation of the statute is, in my opinion, not negligence per se, but only evidence of negligence which can be rebutted by a showing of reasonable care in attempting compliance (see *Beauchamp* v. *New York City Housing Auth.,* 12 N Y 2d 400; *Raylite Elec. Corp.* v. *City of New York,* 30 A D 2d 38; *Tedla* v. *Ellman,* 280 N. Y. 124; see, also, 41 N. Y. Jur., Negligence, § 41). With respect to the subject section of the Administrative Code, it seems to me to be unimportant whether it be deemed an ordinance (as indicated in my colleagues' memorandum for reversal) or a statute. In *Beauchamp* (*supra*), both the majority and minority opinions referred to an Administrative Code provision as a statute. More important, they treated a violation of that pro-

vision as the equivalent of a violation of a statute and applied to it the same rules that determine whether a violation of a statute does or does not constitute liability per se. Treating the code provision here involved in that same manner, I believe a violation of it would be merely some evidence of negligence, not negligence per se, for the reason hereinbefore given with respect to the subject section of the Vehicle and Traffic Law (see 41 N. Y. Jur., Negligence, § 42). While I have grave doubts about the applicability of this Code provision to road safety (as it seems aimed only at littering and pollution), and for that reason am inclined to think that perhaps it should not have been charged to the jury at all (cf. *De Haen* v. *Rockwood Sprinkler Co. of Mass.*, 258 N. Y. 350; 41 N. Y. Jur., Negligence, § 41). I would not, for this reason alone, consider its submission to the jury to be material error, since its relevant provisions were substantially the same as those of the subject statute, which undisputedly was here applicable. Accordingly, I agree with my colleagues that, insofar as this code provision is concerned, reversal is indicated only because the jury was instructed that a violation of it would be, in effect, negligence per se. Hopkins, J., dissents and votes to affirm the judgment insofar as appealed from, with the following memorandum, in which Christ, J., concurs: The trial court did not err in charging that a violation of section 1219 of the Vehicle and Traffic Law constituted negligence. The rule is that a violation of a statutory duty imposing a standard of care for the protection of the public operates as negligence per se if the violation is a proximate cause of injury (*Tedla* v. *Ellman*, 280 N. Y. 124, 129-130; 2 Harper and James, Law of Torts, § 17.6, pp. 994–1014). The prohibition of the statute against the deposit of any substance on a highway likely to injure a person or vehicle evinces a purpose to protect the public; and the court charged properly that the jury must find that the slippery condition on the highway existed and was created by defendant Gull and Slattery and was the proximate cause of the accident suffered by the decedent, before the appealing defendants could be held liable. Whether a violation of section 755(2)-7.0 of the Administrative Code of the City of New York should have been charged by the trial court as negligence is a question of greater complexity. The Code is a statute to which section 755(2)-7.0 was added by local law (Local Laws, 1955, No. 99 of City of New York); and subdivision c of section 1152-1.0 of chapter 52 of the code provides that any previously enacted local law included within it shall have no greater force or effect than if the code had not been enacted. This latter provision provides some basis for holding that a local law was intended to be treated as an ordinance, the violation of which is only evidence of negligence. But we need not reach that question here. Even if treated as an ordinance, the provisions of the code are a restatement of the statute; and the jury can reasonably be said to have found a violation of both. In that event it becomes unimportant that the trial court failed to differentiate between the two in charging the effect of the violation in the consideration of the case. Surely, the difference would have had little impact on the jury (cf. *Loerzel* v. *Carnright*, 279 App. Div. 825), for under any circumstances the violation of both statute and code was a matter properly before the jury. Hence, if there was error by the trial court, it was harmless.