■ Jo-Ann Sherman, Appellant, v Mary Torres et al., Respondents. [825 NYS2d 253]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (Horowitz, J.), dated March 10, 2005, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was to dismiss the second cause of action sounding in strict liability, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs.

In May 2003, while visiting the home of the defendants, then 10-year-old Ryan Sherman sustained injuries after being bitten by the defendants' dog.

Where a pet owner knows, or should know, of his or her dog's vicious propensities, he or she is strictly liable "for the harm the animal causes as a result of those propensities" (*Collier v Zambito,* 1 NY3d 444, 448 [2004]; *see Bard v Jahnke,* 6 NY3d 592 [2006]). "Knowledge of vicious propensities may of course be established by proof of prior acts of a similar kind of which the owner had notice" (1 NY3d at 446). Similarly, an attack that is severe and unprovoked is an indicia of vicious propensities (*see Moriano v Schmidt,* 133 AD2d 72 [1987]).

The defendants satisfied their prima facie burden of demonstrating their entitlement to judgment as a matter of law. In opposition, the plaintiff raised a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]) regarding the defendants' prior knowledge of the dog's alleged vicious propensities, and thus, whether the defendants could be held liable in strict liability for the infant plaintiff's injuries (*see Bard v Jahnke, supra; Francis v Curley Family Ltd. Partnership,* 33 AD3d 852 [2006]; *cf. Longstreet v Peltz,* 33 AD3d 673 [2006]).

However, as the plaintiffs cannot recover on their first and third causes of action sounding in common-law negligence (*see Bard v Jahnke, supra* at 599; *Morse v Colombo,* 31 AD3d 916 [2006]), those causes of action were properly dismissed. Krausman, J.P., Mastro, Spolzino and Covello, JJ., concur.