■ SUSAN DEBELLAS, Appellant, v RALPH VERRILL et al., Respondents. [861 NYS2d 787]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered December 11, 2006, which, upon so much of an order of the same court dated October 2, 2006, as granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint, dismissed the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

The plaintiff allegedly fell to the ground and sustained injuries to her leg and foot when two dogs, owned separately by the defendants, collided with her while running with each other at an off-leash area of Coindre Hall Park in the Town of Huntington. "[T]he owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held liable for the harm the animal causes as a result of those propensities" (*Collier v Zambito,* 1 NY3d 444, 446 [2004]). "Vicious propensities include the 'propensity to do any act that might endanger the safety of the persons and property of others in a given situation' " (*id.,* quoting *Dickson v McCoy,* 39 NY 400, 403 [1868]). On their motions for summary judgment dismissing the complaint, the defendants established their prima facie entitlement to judgment as a matter of law with respect to the cause of action sounding in strict liability by demonstrating that their dogs had never collided with people on any prior occasion (*see Rodrigues v Norte,* 40 AD3d 1068 [2007]; *Cameron v Harari,* 19 AD3d 631 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. Further, the plaintiff may not recover on her common-law negligence cause of action (*see Bard v Jahnke,* 6 NY3d 592, 599 [2006]; *Sherman v Torres,* 35 AD3d 436 [2006]; *Claps v Animal Haven, Inc.,* 34 AD3d 715, 716 [2006]). Accordingly, the Supreme Court properly dismissed the complaint. Spolzino, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.